BOSTER, Appellant,

v.

C & M SERVICES, INC. et al., Appellees.

[Cite as *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP-653.

Decided March 24, 1994.

*Alan P. Friedman,* for appellant.

*Porter, Wright, Morris & Arthur, James D. Curphey* and *Ralph Gildehaus,* for appellees.

---

STRAUSBAUGH, Judge.

Plaintiff-appellant, Bruce Boster, appeals the judgment of the Franklin County Municipal Court overruling plaintiff's Civ.R. 60(B) motion. Plaintiff sets forth the following two assignments or error:

"1. The trial court committed prejudicial error and abused its discretion when it failed to sustain appellant's motion for Rule 60(B) relief.

"2. The trial court committed prejudicial error and abused its discretion when it failed to hold a hering [*sic* ] prior to ruling on appellant's Rule 60(B) motion."

The record indicates that on November 12, 1991, plaintiff filed an action against defendants alleging that defendants violated Sections 1692c, 1692e, 1692g, Title 15, U.S.Code of the Fair Debt Collection Practices Act. On December 5, 1991, defendants filed an answer to plaintiff's complaint. The parties thereafter engaged in discovery and settlement negotiations. Plaintiff's counsel allegedly advised defendants' counsel that no settlement could be reached if defendants had placed plaintiff's account with any credit reporting agency or service. Defendants' counsel, in a letter dated January 28, 1992, indicated that defendants assured him that they did not contact any credit rating or reporting service. This same response was later restated in answer to an interrogatory of plaintiff. Thereafter, plaintiff and defendants entered into an agreement releasing each other, and the case was dismissed with prejudice on June 4, 1992.

On March 22, 1993, plaintiff filed a motion under Civ.R. 60(B) for an order setting aside the dismissal entry previously filed and the mutual release and

settlement agreement, claiming by affidavit that he had learned that his account had been placed with a credit bureau and that he would not have settled the case had he known of this fact beforehand. Plaintiff did not attach a credit report to his motion or affidavit or offer any fact showing that defendants were involved in reporting him to a credit bureau, nor did plaintiff request a hearing on the motion for relief from judgment. Thereafter, on April 1, 1993, the trial court issued an entry overruling plaintiff's motion for relief from judgment. It is from that judgment that plaintiff now appeals.

▪ Civ.R. 60(B) provides a mechanism whereby a party may be relieved from the judgment or order of the court if certain circumstances are present. This rule provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment, order* or *proceeding* for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *" (Emphasis added.)

In the present case, the parties entered into a settlement agreement. The only entry put on by the court was an entry dismissing the case at the parties' request. Therefore, the court's only function was to dismiss the case for the record.

Although this issue was not expressly decided in *Bond v. BancOhio Natl. Bank* (Aug. 27, 1992), Franklin App. No. 92AP–536, unreported, 1992 WL 214351, this court stated in *Bond* that:

"It is highly questionable that Civ.R. 60(B) can be used to obtain relief from a judgment based upon a settlement agreement entered into by the parties to the action. The settlement agreement terminates the rights that parties may have and the judgment entry of the trial court ordinarily only clears up the court records. * * *" *Id.* at 3.

▪ In *Bolen v. Young* (1982), 8 Ohio App.3d 36, 8 OBR 39, 455 N.E.2d 1316, this court held that if a settlement agreement is extrajudicial, in that the trial judge is advised of the settlement agreement but does not know the content thereof, then the settlement agreement can be enforced only if the parties are found to have entered into a binding contract. Relief may be sought through the

filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach. *Id.* at syllabus.

Consistent with *Bond* and *Bolen,* this court finds that a settlement agreement differs from a judgment, decision or order entered by the court and, consequently, Civ.R. 60(B) is not the proper vehicle to rescind a settlement agreement. Therefore, plaintiff's first assignment of error is overruled.

By his second assignment of error, plaintiff argues that the trial court abused its discretion by failing to hold a hearing prior to ruling on plaintiff's motion to vacate the judgment. Plaintiff's contention is without merit.

A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor is he automatically entitled to a hearing on the motion in all circumstances. The movant must show that he is entitled to a hearing. Therefore, he must make allegations in his motion which demonstrate the timeliness of the motion, the reasons why the motion should be granted and that he has a meritorious defense. *Adomeit v. Baltimore* (1974), 39 Ohio App.2d 97, 103, 68 O.O.2d 251, 254, 316 N.E.2d 469, 475. It is an abuse of discretion for a trial court to overrule a Civ.R. 60(B) motion for relief from judgment without first holding an evidentiary hearing *only if* the motion or supportive affidavits contain allegations of operative facts which would warrant relief under Civ.R. 60(B). *Bachman v. Ramsey* (Jan. 22, 1991), Franklin App. No. 90AP–896, unreported, 1991 WL 7270. Since plaintiff did not meet this burden with respect to the dismissal, but instead seeks to set aside a settlement agreement, the trial court did not abuse its discretion in failing to provide an evidentiary hearing prior to overruling plaintiff's Civ.R. 60(B) motion.

For the foregoing reasons, plaintiff's assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

WHITESIDE, P.J., and BOWMAN, J., concur.

DEAN STRAUSBAUGH, J., retired, of the Tenth Appellate District, was assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.