COLVIN et al., Appellees,

v.

ABBEY'S RESTAURANT, INC. et al.; Perkovich, Appellant.

[Cite as *Colvin v. Abbey's Restaurant, Inc.* (1999), 131 Ohio App.3d 439.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 19290.

Decided June 23, 1999.

*Scanlon & Gearinger Co., L.P.A., Timothy F. Scanlon* and·*Michael J. O'Neil,* for appellees Georgiana M. Colvin et al.

*Scanlon & Co., L.P.A.,* Lawrence J. Scanlon *and* Richard J. Steinle, *for appellee Sarah E. Romano.*

*Vogelsang, Howes, Lindamood & Brunn* and *Robert B. Daane,* for appellant.

CARR, Judge.

Appellant-defendant Kenneth E. Perkovich appeals from an order vacating a notice of partial satisfaction of judgment filed by plaintiffs-appellees Georgiana M. Colvin et al., and Sarah Romano. This court reverses.

I

This case arises from an automobile accident in which Perkovich was the driver of an automobile that struck an automobile being operated by Colvin. Romano was a passenger in the automobile being operated by Colvin at the time of the collision. Both Colvin and Romano were seriously injured in the accident.

Plaintiffs filed a complaint against Perkovich, Hartville Pantry, Inc., and Abbey's Restaurant, Inc. Plaintiffs claimed that Perkovich had consumed several alcoholic beverages after completing his work at Abbey's Restaurant and then had caused the automobile accident while driving to Hartville Pantry in order to close the restaurant at the end of the day. Plaintiffs claimed that Perkovich was an officer, a shareholder, and the manager of both Hartville Pantry and Abbey's Restaurant, and that Perkovich was working on behalf of both restaurants at the time of the accident.

The case proceeded to trial. Prior to submitting the case to the jury, Abbey's Restaurant and plaintiffs reached a settlement requiring Abbey's Restaurant to pay $1 million, the limit of its liability insurance. Nevertheless, the trial court submitted the issue of Abbey's Restaurant's liability to the jury. The jury returned a verdict against Perkovich and Hartville Pantry, but exonerated Abbey's Restaurant.

Based on inconsistencies between the general verdict and the jury's answers to interrogatories, the trial court granted Hartville Pantry a new trial. The new trial award was ultimately affirmed on appeal. *Colvin v. Abbey's Restaurant,*

*Inc.* (1999), 85 Ohio St.3d 535, 709 N.E.2d 1156. Those proceedings are not at issue herein.

During the pendency of the Hartville Pantry appeal, Abbey's Restaurant paid the settlement amount. As a result, on August 4, 1997, Perkovich moved pursuant to R.C. 2307.32(F) to reduce the judgment against him to the extent of the payments made by Abbey's Restaurant. At the time, R.C. 2307.32(F) had been recodified as R.C. 2307.33(F) and read:

"When a release or a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or loss to person or property or the same wrongful death, the following apply:

"(1) The release or covenant does not discharge any of the other tortfeasors from liability for the injury, loss, or wrongful death unless its terms otherwise provide, but it reduces the claim against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, whichever is the greater."

The trial court never ruled on Perkovich's motion. Instead, on October 30, 1997, plaintiffs filed a document with the trial court entitled "Notice of Partial Satisfaction of Judgment." This notice asserted that the judgments against Perkovich had been partially satisfied as a result of the payments made by Abbey's Restaurant. In the notice, plaintiffs stated:

"[Perkovich] has moved the Court for an order reducing the judgment entered against him to the extent of the $1,000,000.00 * * * settlement payment made by Abbey's Restaurant, Inc., and the parties are in agreement concerning the effect of that settlement payment by Abbey's Restaurant, Inc. as partial satisfaction of the judgments entered against [Perkovich]."

This notice was signed only by plaintiffs' attorneys.

On March 11, 1998, the Supreme Court of Ohio substantially altered its interpretation of R.C. 2307.33(F), formerly R.C. 2307.32(F). In *Fidelholtz v. Peller* (1998), 81 Ohio St.3d 197, 690 N.E.2d 502, syllabus, the Supreme Court of Ohio held:

"Former R.C. 2307.32(F) (now R.C. 2307.33[F] ) entitles a defendant to set off from a judgment funds received by a plaintiff pursuant to a settlement agreement with a co-defendant where there is a determination that the settling co-defendant is a person 'liable in tort.' A person is 'liable in tort' when he or she acted tortiously and thereby caused damages. This determination may be a jury finding, a judicial adjudication, stipulations of the parties, or the release language itself. (*Ziegler v. Wendel Poultry Serv., Inc.* [1993], 67 Ohio St.3d 10, 615 N.E.2d 1022, overruled to the extent inconsistent herewith.)"

In *Ziegler,* the Supreme Court of Ohio had held that there need not be a finding of liability before a defendant can obtain a setoff of funds paid by a co-defendant pursuant to a settlement agreement. *Ziegler, supra,* at 18, 615 N.E.2d at 1030–1031.

Relying on the Supreme Court's holding in *Fidelholtz,* plaintiffs moved to vacate their notice of partial satisfaction of judgment. Plaintiffs argued that, because the jury had expressly found that Abbey's Restaurant was not liable in tort, Perkovich was not entitled to a setoff pursuant to *Fidelholtz.* After extensive briefing from both sides, the trial court quoted Civ.R. 60(B) and vacated the notice of partial satisfaction of judgment. Perkovich timely appealed.

## II

Perkovich raises one assignment of error on appeal: "The trial court erred in vacating the notice of partial satisfaction of judgment on the basis of the ruling in *Fidelholtz v. Peller* (1988) [*sic* ], 81 Ohio [St.3d] 197 [690 N.E.2d 502]."

■ The trial court purported to vacate the notice of partial satisfaction of judgment herein pursuant to Civ.R. 60(B), which provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a *final judgment, order or proceeding* * * *." (Emphasis added.) In the instant case, plaintiffs' notice of partial satisfaction was signed only by plaintiffs' attorneys; it was never signed by the judge of the trial court. Additionally, the trial court never journalized a separate entry adopting or otherwise incorporating the notice of partial satisfaction of judgment. As such, the notice of partial satisfaction of judgment was not a final judgment or order.

*In re Dabbelt* (May 1, 1986), Mercer App. No. 10–84–6, unreported, 1986 WL 5360, involved a dispute over an accounting provided by the guardian of a minor. The probate court journalized an entry detailing a settlement agreement between the guardian and the minor and conditioning the termination of the guardianship on the filing of a satisfaction of judgment. The minor filed a satisfaction of judgment, but later moved to vacate the satisfaction of judgment. The trial court denied the motion to vacate and the minor appealed. The *Dabbelt* court concluded that "[a]lthough we would be inclined to consider a document signed only by a party to not be a judicial act as such and hence in the usual case not subject to the confines of Civil Rule 60(B), nevertheless this is not exactly what is presented in the present case." *Id.* · The *Dabbelt* court proceeded to hold that, because the final judgment terminating the guardianship had been conditioned on the filing of a satisfaction of judgment, the Civ.R. 60(B) motion attacking the satisfaction of judgment was actually a request for relief from the judgment terminating the guardianship. Therefore, Civ.R. 60(B) was applicable.

Like the *Dabbelt* court, this court concludes that a notice of partial satisfaction of judgment signed only by a party is not a judicial act from which relief may be granted pursuant to Civ.R. 60(B). Furthermore, in the instant case, unlike in *Dabbelt,* the satisfaction of judgment was not requested by an order of the court. As such, unlike in *Dabbelt,* Civ.R. 60(B) cannot be utilized to vacate plaintiffs' notice of partial satisfaction of judgment.

■ Additionally, the satisfaction of judgment in the instant case is analogous to a settlement agreement that has been signed by the parties and filed with the court. Even when such a settlement agreement is followed by an order of the court dismissing the case, it is generally not reviewable by way of a Civ.R. 60(B) motion. See *Boster v. C & M Serv., Inc.* (1994), 93 Ohio App.3d 523, 639 N.E.2d 136. In *Boster,* a debt collection claim was settled by the parties, and the trial court dismissed the case with prejudice. When the debtor later discovered that his account had been referred for collections prior to the settlement, he filed a Civ.R. 60(B) motion seeking to set aside the judgment entry of dismissal and the settlement agreement. The *Boster* court described the effect of a settlement agreement on a pending case and the trial court's limited role in entering a dismissal based on the agreement and concluded that "a settlement agreement differs from a judgment, decision or order entered by the court and, consequently, Civ.R. 60(B) is not the proper vehicle to rescind a settlement agreement." *Id.* at 526, 639 N.E.2d at 138. See, also, *Estate of Orecny v. Ford Motor Co.* (1996), 109 Ohio App.3d 462, 469–470, 672 N.E.2d 679, 683–684.

Because the notice of partial satisfaction of judgment at issue herein was not signed, approved, or otherwise adopted by the trial court, it is not a final judgment, order, or proceeding of the court. As such, Civ.R. 60(B) was not a proper vehicle for challenging plaintiffs' notice of partial satisfaction of judgment.

*Judgment reversed.*

BAIRD, P.J., and SLABY, J., concur.