DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, which denied appellant James P. Simon's motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we affirm the judgment of the trial court.
On appeal appellant sets forth the following two assignments of error:
 "1. THE TRIAL COURT ERRED AND ABUSED IT'S DISCRETION BY OVERRULING [APPELLANT'S'] MOTION FOR RELIEF FROM JUDGMENT WITHOUT FIRST HOLDING AN EVIDENTIARY HEARING.
 "2. THE JUDGMENT OF THE TRIAL COURT DENYING APPELLANT RELIEF FROM JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
On March 12, 1994, appellant, James P. Simon, and appellee, Patricia A. Simon, were married. On October 14, 1994, appellant and appellee executed a separation agreement, which was incorporated into a decree of dissolution on November 18, 1994. Pursuant to the terms of the separation agreement, the parties agreed that the marital home was to be sold no later than ten years after the dissolution of the marriage, and the proceeds split equally between the parties.
On April 12, 2000, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B)(4) and (5), in which he asked the trial court "for relief from the Decree of Dissolution of Marriage," specifically, that portion of the decree that requires the eventual sale of the marital home. Appellant asserted in his motion that he is entitled to such relief "based upon the inequity which would result in the prospective application of the Judgment and the egregious misrepresentations of [appellee]."
In support of his motion, appellant submitted his own affidavit, in which he stated that he agreed to the terms of the separation agreement and the eventual dissolution of the marriage only because appellee stated that she could not secure financial aid for her son's college education if she were married to appellant. Appellant further stated that he and appellee agreed to continue to live together as husband and wife after the dissolution, and that they did so until June 1999, when appellee terminated their relationship.
On September 20, 2000, the trial court, without holding an evidentiary hearing, filed a judgment entry in which it found that the evidence submitted by appellant in support of his motion did not warrant relief from judgment pursuant to Civ.R. 60(B)(4) or (5). On October 23, 2000, a timely notice of appeal was filed.
It is well-established that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed absent a showing of abuse of discretion." Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
The grounds for relief from a final judgment or order as set forth in Civ.R. 60(B) are:
 "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *"
In order to succeed on a motion seeking relief form judgment pursuant to Civ.R. 60(B), a movant must demonstrate that:
 "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the ground of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec., Inc. v. ARC Indus., Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
Relief pursuant to Civ.R. 60(B) will be denied if the movant fails to adequately demonstrate any one of the three requirements set forth inGTE, supra. Argo Plastic Products Co. v. Cleveland (1984),15 Ohio St.3d 389, 391.
Appellant asserts in his second assignment of error that he is entitled to relief from the judgment pursuant to Civ.R. 60(B)(4) and (5) because prospective application of the terms of the agreement is no longer equitable, due to appellee's misrepresentations at the time the separation agreement was executed. In support thereof, appellant argues that he only entered into the separation with appellee because he thought they would continue to live together as husband and wife after the dissolution. Appellant further argues that, had he known appellee would leave him five years after the dissolution was granted, he "would not have entered into such an Agreement depriving him of his residence."
"The `* * * it is no longer equitable * * *.' clause of Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." Knapp v. Knapp (1986), 24 Ohio St.3d 141, paragraph two of the syllabus. In addition, relief pursuant to Civ.R. 60(B)(5) is not warranted in cases where one party is alleged to have breached an extrajudicial settlement agreement. Boster v. C M Serv.,Inc. (1994), 93 Ohio App.3d 523, 526.
Upon consideration of the record in this case and the law, this court finds insufficient evidence to warrant relief from judgment under Civ.R. 60(B)(4) or (5). Accordingly, the trial court did not abuse its discretion by denying appellant's motion, and appellant's second assignment of error is not well-taken.
Appellant asserts in his first assignment of error that the trial court erred by not granting him an evidentiary hearing. In support thereof, appellant argues that he was entitled to such a hearing because the facts submitted in his affidavit, "if true, would provide grounds for relief from judgment."
Generally, a trial court has discretion whether or not to hold an evidentiary hearing before ruling on a motion for relief from judgment.U.A.P. Columbus JV326132 v. Plum (1986), 27 Ohio App.3d 293, 294. If a trial court has before it enough evidence to make a decision, an evidentiary hearing on the motion is not necessary. Matson v. Marks
(1972), 32 Ohio App.2d 319, 328. In other words, an evidentiary hearing is not required in cases where "the motion and attached evidentiary material do not contain allegations of operative facts which would warrant relief under Civ.R. 60(B)." State ex rel. Richard v. Seidner
(1997), 78 Ohio St.3d 116, 117, citing S. Ohio Coal Co. v. Kidney
(1995), 100 Ohio App.3d 661, 667.
In this case, appellant has not attempted to demonstrate how he was prejudiced by the trial court's failure to hold an evidentiary hearing. Specifically, appellant has not pointed to any additional evidence of operative facts that, if presented to the trial court at a hearing, would have changed the result of the trial court's decision.
Upon consideration of the foregoing and our disposition as to appellant's second assignment of error, we find that the trial court did not abuse its discretion by refusing to hold an evidentiary hearing in this case. Appellant's first assignment of error is not well-taken.
The judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is hereby affirmed. Court costs of these proceedings are assessed to appellant.
 ________________________ Melvin L. Resnick, JUDGE
James R. Sherck, J. and Richard W. Knepper, J. CONCUR.