DECISION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Huron County Court of Common Pleas which denied a Civ.R. 60(B) motion filed by appellant, David Trimner. For the reasons stated herein, this court affirms the judgment of the trial court.
Appellant sets forth the following assignment of error:
"ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRED BY DENYING APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT AND FAILING TO ENFORCE THE MANDATORY PROVISIONS OF R.C. 1343.03, WHICH REQUIRE A SETTLING DEFENDANT TO PAY INTEREST ON THE SETTLEMENT."
The following facts are relevant to this appeal. On September 8, 1999, appellant filed a medical malpractice case against appellee, Pradist Satayathum, M.D., individually and his practice as a corporation. Mediation resulted in a full settlement agreement on September 22, 2000. On October 24, 2000, appellant filed a motion for imposition of interest and attorneys fees because the settlement had not been paid. On November 8, 2000, counsel for the parties filed a joint stipulation for dismissal with prejudice which was signed by the trial court and journalized on November 14, 2000. On November 21, 2000, appellant filed a Civ.R. 60(B) motion. On December 13, 2000, the trial court denied appellant's motion. Appellant filed a timely notice of appeal.
Civ.R. 60(B) provides a mechanism whereby a party may be relieved from the judgment or order of the court if certain circumstances are present.[1] However, Civ.R. 60(B) cannot be used to obtain relief from a judgment based upon a settlement agreement entered into by the parties to an action.
In Boster v. C M Serv., Inc. (1994), 93 Ohio App.3d 523, 525-26, the court found that a Civ.R. 60(B) motion cannot be used to obtain relief from a judgment based upon a settlement agreement entered into by the parties to the action. The Boster court concluded that a settlement agreement differs from a judgment, decision or order entered by the court and that Civ.R. 60(B) was not the proper vehicle to obtain relief from a judgment based upon a settlement agreement. Id. Thus, the trial court did not err in denying appellant's Civ.R. 60(B) motion.
Accordingly, appellant's single assignment of error is found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
JUDGMENT AFFIRMED.
 ____________________________ Peter M. Handwork, J.
 Melvin L. Resnick, J., James R. Sherck, J. CONCUR.
[1] Civ.R. 60(B) provides:
 "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. * * *"