OPINION
[¶ 1] Appellant, Yvonne Franklin, appeals a decision of the Mahoning County Common Pleas Court, Probate Division, denying her relief from judgment.
[¶ 2] On October 19, 1995, Richard LaBooth filed an application for authority to administer the estate of Rayford Dotson, who died intestate on October 21, 1994.[1] The Probate Court appointed LaBooth as administrator of the estate in November of that year. The estate included an unliquidated wrongful death claim for an asbestos related injury. On January 9, 1998, LaBooth filed an application to approve a wrongful death settlement. A notice was sent to Denise Carver, the decedent's daughter and next of kin, for a hearing set for February 19, 1998. At that hearing, Carver indicated the possible existence of another daughter of the decedent and supplied appellant's name to the court. Counsel for the estate was ordered to investigate the matter and to serve appropriate notice. On February 27, 1998, LaBooth, through counsel, filed a motion captioned, "Motion to reset hearing on wrongful death application; notice of hearing; service" wherein LaBooth requested a hearing on the application to approve the wrongful death settlement. On March 2, 1998, the probate court notified LaBooth, Carver and appellant by certified mail of a hearing scheduled for March 19, 1998. That notice stated: "Please take notice that on Thursday, the 19th day of March, 1998 at 11:00 o'clock A.M. a hearing will be held in this court concerning MOTION TO RESET HEARING ON WRONGFUL DEATH APPLICATION. This shall be your only notice in this cause."
[¶ 3] On March 19, 1998, the court approved the wrongful death settlement of $15,100.87. Distribution of the wrongful death proceeds except for attorney fees and reimbursement of funeral expenses was taken under advisement. There was service of this order to counsel for the estate and to Carver. Appellant, who did not appear for the hearing, did not receive notice of this order.
[¶ 4] By a magistrate's order filed on November 6, 1998, the balance of the wrongful death proceeds were awarded to Carver. A copy of the order was sent to appellant by regular mail on November 13, 1998. On November 16, 1998, the probate court filed a letter received from appellant. The letter was an emotional appeal for a share of the wrongful death settlement based on the fact that the appellant was the abandoned daughter of the decedent. The probate court filed this letter as an objection to the magistrate's decision. On January 8, 1999, the probate court filed a judgment entry adopting the magistrate's decision. The court stated that children of the decedent are rebuttably presumed to have been injured by the decedent's wrongful death but that appellant's "objections" to the magistrate's decision demonstrated that she suffered no injury by virtue of her admission that the decedent was not a part of her life.
[¶ 5] On February 5, 1999, appellant appealed that decision to this court. Appellant argued that she had not received proper notice of the March 19, 1998 hearing. However, appellant failed to raise this issue in her "objection" to the magistrate's decision. This court concluded that appellant had therefore waived the notice issue absent plain error. Finding no plain error, the court affirmed the probate court on September 28, 2000. See In re Estate of Dotson (Sept. 28, 2000), 7th Dist. No. 99-CA-34, discretionary appeal not allowed (2001), 91 Ohio St.3d 1445.
[¶ 6] On September 19, 2000, LaBooth filed another application to approve a wrongful death settlement. The application referred to the same wrongful death action that was listed in the January 9, 1998 application. The settlement was the result of an asbestos exposure claim made in the Cuyahoga County Common Pleas Court (Case No. 96-310485). However, this time the application indicated that the settlement amount was $43,250.87. After deducting attorney fees and costs of $15,137.80, the net settlement proceeds came to $27,566.19. The application proposed distributing that in three equal shares of $9,188.73 each to the estate of Nina Patton LaBooth Dotson, Denise Carver, and appellant Yvonne Franklin. The court set a hearing for October 25, 2000 on this new application.
[¶ 7] On October 25, 2000, the court, on its own motion, continued the matter. The court indicated that there was an issue of whether a further appeal to the Ohio Supreme Court was going to be instituted. According to appellant, that same day an agreement was reached between the parties with respect to the application filed on September 19, 2000. Based on this agreement, appellant filed a motion for relief of the court's January 8, 1999 judgment. The motion was unopposed and on January 29, 2001, a magistrate issued a judgment entry granting the motion. The following day, the magistrate filed another entry stating:
 [¶ 8] "ORDERED that the judgment entered into on January 8, 1999 be and is hereby set aside and vacated and this Court hereby schedules a new hearing for the purpose of determining the distribution of wrongful death proceeds among the beneficiaries under the authority of 2125.03 O.R.C. related to both the Applications filed on January 9, 1998 and on September 19, 2000."
 [¶ 9] On February 9, 2001, the court, on its own motion, vacated and set aside both of the magistrate's orders declaring that he was without jurisdiction to preside over that type of motion. On February 28, 2001, the court filed another judgment entry which addressed appellant's motion on the merits and overruled it. This appeal followed.
[¶ 10] Appellant's sole assignment of error states:
 [¶ 11] "UNDER THE AUTHORITY OF SECTION 2125.03
O.R.C. APPELLANT AS A BENEFICIARY OF DECEDENT HAD THE RIGHT TO ENTER AN AGREEMENT TO ADJUST THE SHARES OF THE WRONGFUL DEATH DISTRIBUTION AND THE PROBATE COURT'S JUDGMENT ENTRY AND ORDERS OVERRULING APPELLANT'S MOTION FOR RELIEF FROM THE JANUARY 8, 1999 JUDGMENT IS AN ABUSE OF DISCRETION"
 [¶ 12] After the court's January 8, 1999 order denying her a portion of the settlement proceeds, appellant argues that the parties entered into an agreement whereby she would receive an equal share. Appellant argues that R.C. 2125.03(A)(1) allows for such an arrangement, and that the court erred by not granting her relief from the January 8, 1999 judgment and giving effect to the agreement.
[¶ 13] Appellant has already appealed the probate court's January 8, 1999 decision excluding her as a beneficiary of the wrongful death settlement proceeds. See In re Estate of Dotson (Sept. 28, 2000), 7th Dist. No. 99-CA-34. Therefore, any issues regarding the probate's court's decision in that regard are barred by the doctrine of res judicata. SeeRogers v. Whitehall (1986), 25 Ohio St.3d 67, State v. Perry (1967),10 Ohio St.2d 175. Additionally, "[i]t is highly questionable that Civ.R. 60(B) can be used to obtain relief from a judgment based upon a settlement agreement entered into by the parties to the action." (Internal quotation marks and citation omitted.) Boster v. C MServ., Inc. (1994), 93 Ohio App.3d 523, 525. If an agreement is extrajudicial, as in this case, then the agreement can be enforced if the parties are found to have entered into a binding contract. See Bolen v.Young (1982), 8 Ohio App.3d 36, 38. Relief may be sought through the filing of an independent action seeking enforcement of that contract. See id.
[¶ 14] Accordingly, appellant's sole assignment of error is without merit.
[¶ 15] The judgment of the trial court is hereby affirmed.
Judgment affirmed.
Waite, J., concurs.
DeGenaro, J., concurs in judgment only; see concurring in judgment only opinion.
[1] The first portion of the facts and procedural history recited herein are borrowed verbatim from this court's decision in In re Estateof Dotson (Sept. 28, 2000), 7th Dist. No. 99-CA-34.