JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Virginia Goforth ("appellant") appeals from the trial court's decision granting defendant-appellee Le-Air Molded Plastics' ("appellee") motion for summary judgment. Having reviewed the arguments of the parties and the pertinent law, we hereby affirm the trial court.
 I. {¶ 2} The case at bar has a long and contentious history beginning approximately ten years ago. The original appellate case was styled Le-AirMolded Plastics Inc. dba Cobra Plastics Inc. v. Virginia Goforth, et.al., Cuyahoga App. No. 74543, 2000-Ohio-653. The first lower court case number was CV-95-293327, and the second lower court case number was CV-98-349237.
 {¶ 3} According to the facts in the first case, appellant and appellee entered into a stock purchase agreement on May 16, 1995. The parties were never able to agree on a fair market value, and their relationship deteriorated as a result. On August 4, 1995, appellee filed an action seeking injunctive relief and monetary damages from appellant to which appellant filed counterclaims. On August 20, 1996, at the final pretrial conference, the parties ostensibly settled the case.[1] The trial court issued a judgment entry stating "case was settled and dismissed with prejudice, no record, with each party to bear their own costs and attorney fees." In addition, a judgment entry memorializing the settlement was approved and journalized on October 3, 1996.[2] On November 1, 1996, appellant filed a notice of appeal, appealing from the trial court's journal entry memorializing the settlement terms. This honorable court remanded the case back to the trial court for the limited purpose of ruling on a Civ.R. 60(B) motion.
 {¶ 4} On January 31, 1997, the parties entered into another settlement agreement, this time on the record.[3] The agreement, along with various motion rulings, was journalized on February 3, 1997.[4] On January 15, 1998, appellee filed a motion to show cause stating that appellant was not complying with the terms of the settlement agreement. On February 18, 1998, appellant filed a second lawsuit.[5] On March 13, 1998, the trial court conducted an oral hearing on appellee's motion to show cause. The motion was granted and the trial court held appellant in contempt of court, fined her $250, and ordered her to pay $27,390 in attorney's fees to the appellee. In addition, the trial court dismissed the instant action on the grounds that it was frivolous and without merit.[6] Appellant appealed, and on February 24, 2000, this honorable court affirmed in part and vacated in part the trial court's decision, denying all of appellant's assignments of error, except one. The only assignment of error this court granted stated that the trial court erred in dismissing the instant matter because it was on another court's docket.[7]
 {¶ 5} That brings us to the appeal sub judice. On January 31, 2002, appellant filed a motion for summary judgment. On March 4, 2002, appellee filed an opposition to the motion for summary judgment. Ultimately, on November 15, 2002, the trial court granted appellee's motion for summary judgment and denied appellant's motion for summary judgment. Appellant is now appealing the trial court's ruling.
 II. {¶ 6} Appellant's first assignment of error states: "The trial court erred in denying plaintiff's motion for summary judgment when there was no genuine issue as to any material fact thus plaintiff was entitled to judgment as a matter of law." Appellant's second assignment of error states: "The trial court erred in granting defendant's motion for summary judgment and finding there was no genuine issue as to any material fact and that defendant was entitled to judgment as a matter of law."
 {¶ 7} Due to the substantial interrelation between the two assignments of error and for the sake of judicial economy, we will address appellant's assignments of error together. Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1;Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
 {¶ 8} It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115.
 {¶ 9} In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Medina, Ltd. of Texas (1991), 59 Ohio St.3d 108. UnderDresher, "* * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim." Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth "specific facts" by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
 {¶ 10} This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. An appellate court reviewing the granting of summary judgment must follow the standards set forth in Civ.R. 56(C). "The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul
(1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
 {¶ 11} It is with the above standards in mind that we now address the case sub judice. The parties entered into a settlement agreement journalized on October 3, 1996. This settlement agreement stated that "all claims of any party to this litigation against any other party to this litigation are released and declared fully satisfied and discharged * * *."[8] There were some disagreements after the settlement agreement so the trial court allowed the parties to work out their problems with another settlement agreement, this time on the record. Again, this settlement agreement was to be a final release and discharge. The trial court stated at the start of the hearing that it wanted the record to reflect that the hearing was being conducted to memorialize a settlement agreement.[9] This settlement agreement was to be a final judgment settling the issue forever.
{¶ 12} "The Court: Just so the parties understand, I thought that on aprevious date this matter had been settled completely between theparties. I'm not casting aspersions at anyone but we try to achievefinality with judgments and settlements. Yet even after that settlementwas reached in my courtroom, after a fair amount of time all of us tookto resolve it, an appeal followed, a motion for relief from judgmentfollowed in my courtroom and I just want to make sure that this does notcome back to me as an action to enforce a settlement or to resolve orclarify terms. If you have other causes of action, I suppose, you canfile them but you file them not under this case. Should I be fortunateenough to be drawn as the judge to hear the matter, I will hear it orrecuse myself, if someone feels I wouldn't be appropriate to handle itbut that is why I raised the issue about dismissing the claims andsettling those forever. I'm just giving you an opportunity to set fortheverything that you really think may be troubling you, if there isanything troubling you about the settlement today.
 {¶ 13} "Mr. Jordan: There is nothing further from the Plaintiffs, yourHonor. Thank you."[10]
 {¶ 14} (Emphasis added.)
 {¶ 15} The record above demonstrates that both parties understood that they had reached a final settlement.
 {¶ 16} Appellant states that the trial court erred regarding her claims of unjust enrichment and the covenant not to compete. These claims arise from the settlement agreement the parties previously entered into. Ohio courts have held that enforcement of a valid settlement agreement may be sought either by filing an independent action sounding in breach of contract or pursuant to Civ.R. 15. "* * * Relief may be sought through the filing of an independent action sounding in breach of contract, or it may be sought in the same action through a supplemental pleading filed pursuant to Civ.R. 15(E), setting out the alleged agreement and breach."Boster v. C M Services Inc. (1994), 93 Ohio App.3d 523, at syllabus. The appellant in the case sub judice did not raise a breach of contract claim. Appellant's claims are barred by res judicata; her claims should have been presented in previous litigation. Therefore, appellant is now barred from asserting her claim.
 {¶ 17} The modern view of res judicata embraces the doctrine of collateral estoppel, which basically states that if an issue of fact or law actually is litigated and determined by a valid and final judgment, such determination being essential to that judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim. A party precluded under this principle from relitigating an issue with an opposing party likewise is precluded from doing so with another person unless he lacked a full and fair opportunity to litigate that issue in the first action, or unless other circumstances justify, according him an opportunity to relitigate that issue. Hooverv. Transcon. Ins. Co., Greene App. No. 2003-CA-46, 2004-Ohio-72.
 {¶ 18} In recent years, this court has not limited the application of the doctrine of res judicata to bar only those subsequent actions involving the same legal theory of recovery as a previous action. InNatl. Amusements, Inc. v. Springdale (1990), 53 Ohio St.3d 60, 62, we stated: "It has long been the law of Ohio that an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit" (quoting Rogers v. Whitehall [1986], 25 Ohio St.3d 67, 69, 25 OBR 89, 90, 494 N.E.2d 1387, 1388). We also declared that "the doctrine of res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." Id. "Today, we expressly adhere to the modern application of the doctrine of res judicata, as stated in 1 Restatement of the Law 2d, Judgments (1982), Sections 24-25,[11] and hold that a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Grava v. Parkman Township (1995), 73 Ohio St.3d 379,382.
 {¶ 19} In the case at bar, the parties entered into at least two final settlement agreements. These agreements were designed to be a full and final release; indeed, the settlement agreement memorialized on January 31, 1997 demonstrates that fact.[12] Furthermore, the trial court's October 3, 1996 judgment entry also states that this is a full and final release.[13]
 {¶ 20} Moreover, even though appellant was given the opportunity to raise her additional claims at the subsequent show cause hearing, she failed to do so. In addition to being barred by the doctrine of res judicata, appellant is similarly barred by the doctrine of waiver and the doctrine of laches.
 {¶ 21} Appellant has waived her ability to modify the settlement terms. "A waiver is a voluntary relinquishment of a known right. It may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform. Mere silence will not amount to waiver where one is not bound to speak." White Co. v.Canton Transp. Co. (1936), 131 Ohio St. 190, 198. Sweeney v. Grange Mut.Cas. Co., Cuyahoga App. No. 78783, 2001-Ohio-4562. As previously stated, the parties knowingly and voluntarily entered into a valid settlement agreement, at which time appellant did not dispute issues of unjust enrichment or the covenant not to compete. The transcript record of January 31, 1997 demonstrates this fact. The appellant has waived her right to protest the new claims.
 {¶ 22} In addition to waiver, appellant's actions are barred by the doctrine of laches. The elements of laches are (1) unreasonable delay or lapse of time in asserting a right, (2) absence of an excuse for the delay, (3) knowledge, actual or constructive, of the injury or wrong, and (4) prejudice to the other party. Prejudice is not inferred from a mere lapse of time. State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections
(1995), 74 Ohio St.3d 143. Laches is independent of any statute of limitations. "Delay for a shorter period than the statutory limit, accompanied by other conditions, may be sufficient to destroy the beneficiary's remedy." Stevens v. National City Bank (1989),45 Ohio St.3d 276, 284, (quoting 9 Bogert, Trusts and Trustees [1982] at 511-12, section 948). In the case at bar, there was an unreasonable delay without excuse, knowledge of the injury and prejudice to the other party. Accordingly, appellant's first and second assignments of error are overruled.
 {¶ 23} Based on the record and evidence above, the argument put forth in appellant's motion for summary judgment was properly denied by the trial court. The evidence put forth, the record, the settlement agreement, res judicata, waiver, and laches all support the trial court's decision. The decision of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., j., concurs; Corrigan, A.J., dissents (see dissentingopinion attached.)
[1] See journal entry dated Aug. 20, 1996.
[2] See journal entry dated Oct. 3, 1996 which states, "Judgment entry memorializing settlement is approved. Final. OSJ. Vol. 2004 Pg 303-304 Notice Issued."
[3] See Jan. 31, 1997 transcript.
[4] See journal entry dated Feb. 3, 1997 which states in pertinent part, "* * * All motions deemed moot as party have settled all disputesand claims and speed the terms of settlement on the record . . . Vol 2043 Page 689 . . . Notice Issued." (Emphasis added.)
[5] On Feb. 18, 1998, appellant filed her second lawsuit with a new Cuyahoga County trial court judge. This lawsuit is the subject of the appeal sub judice. The first case was listed as CV-95-293327 and the second case was listed as CV-98-349237.
[6] Opinion and journal entry, Apr. 30, 1998, pp. 5-6.
[7] This honorable court held in Le-Air Molded Plastics, Inc. v.Virginia Goforth, et al. (Feb. 24, 2000), Cuyahoga App. No. 74543, unreported, "the trial court erred in dismissing appellant's pending second action which was on another trial court's docket." (Emphasis added.)
[8] Judgment entry dated Oct. 3, 1996.
[9] Tr. at 4. After stating what its understanding was regarding the settlement, the court asked the attorneys representing both parties if the court's understanding was an accurate representation, to which both attorneys responded affirmatively. "The Court: * * * Is that an accurate representation of where you are at? Mr Jordan: Yes, your Honor. Mr. Kacenjar: Yes, your Honor. The Court: All right. Am I to understand also that once you have done this that there will be action taken to dismiss and resolve the appellate matter? Mr. Jordan: That is also correct your Honor. Mr. Kacenjar: That is our understanding your Honor."
[10] Tr. at 16-17.
[11] Section 25 of the Restatement of Judgments, supra, at 209, further explains: "The rule of § 24 applies to extinguish a claim by the plaintiff against the defendant even though the plaintiff is prepared inthe second action (1) To present evidence or grounds or theories of thecase not presented in the first action, or (2) To seek remedies or formsof relief not demanded in the first action." (Emphasis added.) See, also, 46 American Jurisprudence 2d, supra, at Sections 535 and 537. The rationale for such a rule is aptly stated in Comment a to Section 24 of the Restatement of Judgments, supra, at 196-197: "[I]n the days when civil procedure still bore the imprint of the forms of action and the division between law and equity, the courts were prone to associate claim with a single theory of recovery, so that, with respect to one transaction, a plaintiff might have as many claims as there were theories of the substantive law upon which he could seek relief against the defendant. Thus, defeated in an action based on one theory, the plaintiff might be able to maintain another action based on a different theory, even though both actions were grounded upon the defendant's identical act or connected acts forming a single life-situation. * * * The presenttrend is to see claim in factual terms and to make it coterminous withthe transaction regardless of the number of substantive theories, or variant forms of relief flowing from those theories, that may be available to the plaintiff * * *; regardless of the variations in the evidence needed to support the theories or rights." (Emphasis added.)
[12] Tr. at 16-18.
[13] See Oct. 3, 1996 trial court judgment entry which states, "* * * All claims of any party to this litigation against any other party to this litigation are released and declared fully satisfied and discharged * * *."