[Cite as *Platinum Real Estate Holdings, Inc. v. Slabakis*, 2024-Ohio-537.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| PLATINUM REAL ESTATE HOLDINGS, INC., | : | APPEAL NO. C-230237 |
| | | TRIAL NO. A-1703642 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | *O P I N I O N.* |
| | : | |
| ANGELO SLABAKIS, | | |
| | : | |
| Defendant-Appellant. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Reversed and Cause Remanded

Date of Judgment Entry on Appeal: February 14, 2024

*Robbins, Kelly, Patterson & Tucker, LPA, Michael A. Galasso* and *Charles E. Rust*, for Plaintiff-Appellee,

*Statman, Harris*, *Alan J. Statman* and *William B. Fecher*, for Defendant-Appellant.

**WINKLER, Judge.**

{¶1} Defendant-appellant Angelo Slabakis appeals the judgment of the trial court vacating an entry of satisfaction of judgment in this cognovit action. For the reasons set forth below, we reverse the judgment of the trial court.

## Background

{¶2} Plaintiff-appellee Platinum Real Estate Holdings, Inc., ("Platinum") filed a cognovit complaint against Slabakis in 2017, arising from the foreclosure sale of real property known as the Terrace Plaza Hotel. The trial court entered a cognovit judgment against Slabakis in favor of Platinum for over $1.3 million, as well as interest and attorney's fees. Slabakis challenged the cognovit judgment in 2018 by filing an appeal to this court. During the pendency of Slabakis's 2018 appeal, Platinum filed with the trial court a "motion to enter satisfaction of judgment." Platinum moved the trial court to enter a satisfaction "on the grounds that the judgment and costs have been satisfied." Slabakis did not oppose the motion, and the trial court filed an entry of satisfaction of judgment. Slabakis then voluntarily dismissed his appeal of the underlying cognovit judgment.

{¶3} Years later, in January 2023, Platinum filed a motion to vacate the entry of satisfaction. Platinum argued that the trial court has the inherent power to vacate a satisfaction of judgment without relying on the dictates of Civ.R. 60(B). In its motion, Platinum asserted that a third party had purchased the Terrace Plaza Hotel in 2018, during the pendency of the underlying cognovit litigation, and as a result of that purchase, Platinum and Slabakis had entered into a settlement agreement, or "mutual release," which then led Platinum to file the motion for an entry of satisfaction in August 2018. Platinum further contended that, in November 2018, Slabakis had filed

2

a lawsuit in New York state court against Roys Poyiadjis and Cincinnati Terrace Plaza, LLC, in which Slabakis claimed that he was owed a "syndication fee" for the July 2018 sale of the Terrace Plaza Hotel. Platinum argued that Slabakis's initiation of the New York litigation violated the mutual release because Platinum is affiliated with Poyiadjis and Cincinnati Terrace Plaza, LLC, and a vacation of the satisfaction of judgment was necessary to allow Platinum's affiliates to assert the defenses of setoff and recoupment in the New York litigation.

{¶4} Slabakis responded to Platinum's motion to vacate and argued that, in order to vacate the entry of satisfaction, Platinum must satisfy Civ.R. 60(B). Slabakis argued that Platinum could not satisfy Civ.R. 60(B) because Slabakis initiated the New York litigation in November 2018, and yet Platinum waited over four years to file a motion to vacate the satisfaction of judgment. Slabakis also argued that the defendants in the New York litigation were not parties to the mutual release, and the claims in the New York litigation are not encompassed by the mutual release. Slabakis also argued that the New York litigation would resolve the question of whether the mutual release applied to those defendants.

{¶5} The trial court granted Platinum's motion to vacate, relying on Civ.R. 60(B)(4). The trial court reasoned that Slabakis's New York lawsuit was an attempt to "relitigate the case in a different forum." Slabakis appeals the trial court's judgment granting Platinum's motion to vacate the satisfaction of judgment.

**Slabakis Appeals**

{¶6} In a sole assignment of error, Slabakis argues that the trial court erred in granting Platinum's motion to vacate the entry of satisfaction of judgment.

3

**{¶7}** In determining whether to grant Platinum's motion to vacate, the trial court acknowledged that the parties disagreed as to whether Platinum's motion had to satisfy the elements of Civ.R. 60(B). Platinum argued to the trial court that a motion to vacate an entry of satisfaction of judgment did not need to meet the requirements of Civ.R. 60(B), but Slabakis contended otherwise. The trial court ultimately agreed with Slabakis that Civ.R. 60(B) applied, but the trial court nevertheless found that Platinum satisfied the required elements of Civ.R. 60(B)(4).

**{¶8}** We question whether the trial court correctly analyzed Platinum's motion to vacate as a motion under Civ.R. 60(B)(4). *See Carlson v. City of Cincinnati*, 1st Dist. Hamilton No. C-210238, 2022-Ohio-1513, ¶ 24 ("On its face, the provisions of Civ.R. 60(B) apply only to relief from 'a final judgment, order, or proceeding.' In other words, the rule is directed to judicial acts, not acts by parties."); *Colvin v. Abbey's Restaurant, Inc.*, 131 Ohio App.3d 439, 443, 722 N.E.2d 630 (9th Dist.1999) ("[T]he satisfaction of judgment in the instant case is analogous to a settlement agreement that has been signed by the parties and filed with the court. Even when such a settlement agreement is followed by an order of the court dismissing the case, it is generally not reviewable by way of a Civ.R. 60(B) motion."). Nevertheless, assuming Civ.R. 60(B)(4) applies, we determine that the trial court erred in granting Platinum's motion to vacate the entry of satisfaction.

**{¶9}** Civ.R. 60(B) provides in pertinent part: "[T]he court may relieve a party * * * from a final judgment, order or proceeding for the following reasons: * * * (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

4

judgment should have prospective application[.]" Motions made under Civ.R. 60(B)(4) "shall be made within a reasonable time."

{¶10} Platinum argued before the trial court that if Civ.R. 60(B) applied, then Platinum would seek relief under Civ.R. 60(B)(4), because it was no longer equitable for the entry of satisfaction of judgment to have prospective application where Slabakis had repudiated the mutual release by filing the New York lawsuit.

{¶11} The "no longer equitable" clause of Civ.R. 60(B)(4) was meant to provide relief to a party who has been subjected to some unforeseeable circumstance outside of the party's control, and to whom the changed conditions make continued enforcement of the judgment or order inequitable. *Armstrong v. U.S. Bank Natl. Assn.*, 1st Dist. Hamilton No. C-220384, 2023-Ohio-1203, ¶ 17.

{¶12} In Slabakis's third issue for review, he argues that the trial court erred in concluding that the entry satisfying the judgment had to be vacated in order to allow Platinum's alleged affiliates to raise the defenses of setoff and recoupment in the New York litigation. Slabakis argues that the New York courts will determine whether the mutual release applies to the New York litigation. Platinum concedes that the scope of the mutual release is an issue in the New York litigation. Therefore, we determine that Platinum has failed to show, at this point, that the enforcement of the entry of satisfaction of judgment in the underlying case is inequitable. It is possible that the New York courts will determine that the mutual release does not apply to the New York litigation, and, in fact, as of the time of Platinum's motion to vacate, the New York appellate court had determined that an issue of fact existed regarding the application of the mutual release. According to the exhibits attached to Platinum's motion to vacate, Slabakis has contended in the New York case that the mutual release was

related only to the cognovit judgment in the underlying case, and not the "syndication fee" claim asserted by Slabakis in the New York case. If the mutual release does not apply to Slabakis's New York complaint, then Platinum's affiliates presumably will not be able to rely on the entry of satisfaction entered in the underlying case for the defenses of setoff and recoupment.

{¶13} We further hold that the trial court erred in determining that Platinum filed its motion to vacate the entry of satisfaction of judgment within a reasonable time as required by Civ.R. 60(B)(4). Platinum based its motion to vacate the entry of satisfaction on Slabakis's New York lawsuit, which Platinum alleges vitiates the entry of satisfaction; however, Platinum waited for over four years after Slabakis initiated the New York lawsuit to file its motion. Platinum argues that the delay was reasonable because Platinum did not need to assert its affirmative defenses of setoff and recoupment until after the New York case proceeded past the motion-to-dismiss stage, which was not until the New York appellate court issued its decision in September 2021. Even so, nothing in the record supports the notion that Platinum acted reasonably by waiting another 15 months after the New York appellate court reversal to file its motion to vacate the entry of satisfaction.

{¶14} Therefore, we conclude that the trial court erred in granting Platinum's motion to vacate the entry of satisfaction of judgment under Civ.R. 60(B)(4), and we sustain Slabakis's assignment of error.

## Conclusion

{¶15} We reverse the trial court's judgment granting Platinum's motion to vacate the satisfaction of judgment, and we remand the matter to the trial court for further proceedings consistent with this opinion.

6

Judgment reversed and cause remanded.

**BERGERON, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.