The State, ex rel. Gyurcsik et al., *v.* Angelotta, Judge.

(No. 76-1214—Decided June 29, 1977.)

Mr. Jerome S. Kalur, for relators.

Per Curiam. A writ of prohibition is a high prerogative writ issued only in rare circumstances when there is no adequate remedy at law available by way of appeal and where a court attempts to adjudicate a cause over which it has no jurisdiction. State, ex rel. Gargallo, v. Court of Common Pleas (1972), 31 Ohio St. 2d 45; State, ex rel. Masterson, v. Ohio State Racing Comm. (1955), 164 Ohio St. 312; State, ex rel. McKee, v. Cooper (1974), 40 Ohio St. 2d 65.

Civ. R. 60(B) reads, in relevant part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *." ...

The staff notes for the fifth ground of Civ. R. 60(B) state that it is based upon Fed. R. Civ. P. 60(b)(6) and is intended as a catch-all provision. It is characterized further as reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment. Justice Black, in Klapprott v. United States (1949), 335 U. S. 601, modified (1949), 336 U. S. 942, recognizing that the "other reason" clause made available all equitable grounds for relief from a final judgment, said, at pages 614, 615:

"In simple English, the language of the 'other reason' clause, for all reasons except the five particularly specified, vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice."

Additionally, this court recently stated, in the third

paragraph of the syllabus in *GTE Automatic Electric v. ARC Industries* (1976), 47 Ohio St. 2d 146, the following concerning the application of Civ. R. 60(B):

"Where timely relief is sought from a default judgment and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the judgment so that cases may be decided on their merits."

It is generally held that court errors and omissions are reasons justifying relief under the "other reason" clause. (See 15 A. L. R. Fed. 243-249, Section 12.)

Plaintiffs sought relief from the dismissal, alleging that there were error and oversight, specifically: the trial judge's failure to rule upon the request for the continuance, failure to receive notice of the hearing and judgment, and that the judge misled counsel by stating that a continuance would be granted. Respondent, as evinced by the agreed statement of facts and the record, acted with subject-matter jurisdiction, pursuant to Civ. R. 60(B), in granting plaintiffs' motion.

Accordingly, the writ of prohibition is denied.

*Writ denied.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.