**WEBER, Appellee,**

v.

**WEBER, Appellant.**

[Cite as *Weber v. Weber* (1991), 74 Ohio App.3d 396.]

Court of Appeals of Ohio,
Fulton County.

No. 90FU000002.

Decided May 31, 1991.

*Robert C. Lauber,* for appellee.

*James E. Hitchcock,* for appellant.

ABOOD, Judge.

This is an appeal from a December 22, 1989 judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, which denied appellant's Civ.R. 60(B) motion to vacate a judgment of divorce previously entered on

August 9, 1988. Appellant has appealed setting forth the following assignments of error:

"1. The trial court erred in holding that laches and res judicata barred defendant's motion for blood tests.

"2. The trial court erred in failing to appoint a guardian ad litem for the minor child."

The facts which are pertinent to the issues raised on appeal are as follows. The parties were married on August 27, 1977, and on November 6, 1980, a son, Donald, and on October 23, 1984, a daughter, Christina, were born to the marriage. On February 17, 1988, appellee filed a complaint for divorce requesting, among other things, custody of the minor children. On April 7, 1988, appellant filed his answer and counterclaim also requesting custody of the minor children. Thereafter the parties reached an agreement as to the division of property, the custody of the children and child support. Appellant withdrew his answer to appellee's complaint and on August 9, 1988, the trial court granted appellee an absolute decree of divorce. In its judgment entry the trial court adopted the agreement of the parties and found that the two children were born as issue of the marriage and awarded appellee custody of the minor children subject to reasonable visitation by appellant. On October 9, 1989, appellant filed a motion requesting a decrease in child support, a motion for contempt as to his visitation rights, a motion for change of custody and a request that the trial court order appellee and the minor children to submit to genetic testing or similar paternity testing stating that he had recently received information that appellee had had an affair during their marriage and that at least one of the children may not be his. On November 13, 1989, appellant filed a motion to vacate the trial court's judgment of August 9, 1988, pursuant to Civ.R. 60(B), stating that at the time of the divorce he believed that he was the father of both minor children but that since that time appellee had told several individuals, including himself, that John Shoup was Donald's father. Appellant argued in his motion that this evidence had not been available to him at the time of the divorce, and that the recent case of *Hulett v. Hulett* (1989), 45 Ohio St.3d 288, 544 N.E.2d 257, now allows the father to request genetic testing to prove paternity in a divorce case. Appellant also requested that John Shoup be joined as a party to the divorce action. On December 15, 1989, a hearing was held on appellant's motion at which he raised the additional issue of fraud on the part of appellee, claiming that such fraud also entitled him to a vacation of the August 9, 1988 divorce judgment. Appellee argued in response that the issue of paternity was *res judicata*, that the *Hulett* case was not dispositive and that genetic paternity testing was available in divorce actions prior to *Hulett*. On Decem-

ber 22, 1989, the trial court filed its findings of fact, opinion and judgment entry denying appellant's motion. In its judgment entry the trial court found that the issue of Donald's paternity had previously been determined and established in the August 1988 order and therefore was *res judicata*, that there was no basis to vacate the order on the basis of fraud, that appellant was barred pursuant to the doctrine of laches, that pursuant to Civ.R. 60(B)(1) or (2) appellant was required to file his motion within one year after the judgment and failed to do so, and that appellant's motions were not in the interest of justice.

In his first assignment of error, appellant asserts that the trial court erred in determining that his motion for paternity testing was barred under the doctrines of laches and *res judicata*. In support of his assignment of error, appellant argues that there was no prior decision on the merits as to the issue of testing between John Shoup and himself or whether Shoup was the father of Donald. Appellant also argues that prior to *Hulett* he was barred from raising the issue of Donald's paternity and from joining Shoup as a party by R.C. 3111.03,[1] Civ.R. 75(B),[2] and case law, that there was no right to paternity testing in divorce cases and that based on the prior law he would not have prevailed and therefore he never litigated the paternity issue. Appellant also, for the first time, asserts a number of constitutional violations arguing that

---

**1.** R.C. 3111.03 provides in pertinent part:

"(A) A man is presumed to be the natural father of a child under any of the following circumstances:

"(1) The man and the child's mother are or have been married to each other, and the child is born during the marriage or is born within three hundred days after the marriage is terminated by death, annulment, divorce, or dissolution or after the man and the child's mother separate pursuant to a separation agreement.
"* * *

"(B) A presumption arises under division (A)(3) of this section regardless of the validity or invalidity of the marriage of the parents. A presumption that arises under this section can only be rebutted by clear and convincing evidence, except that a presumption that arises under division (A)(1) or (2) of this section is conclusive as provided in division (A) of section 3111.37 of the Revised Code and cannot be rebutted. If two or more conflicting presumptions arise under this section, the court shall determine, based upon logic and policy considerations, which presumption controls."

**2.** Civ.R. 75(B) provides in pertinent part:

"(B) Joinder of parties. Rules 14, 19, 19.1 and 24 shall not apply in divorce, annulment, or alimony actions, however:
"* * *

"(2) When it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem, and legal counsel if necessary, for such child and tax the costs thereof; or

"(3) When support is ordered, the court, on its own motion or that of an interested person, after notice to the party ordered to pay support and to his employer, may make such employer a party defendant."

the trial court's ruling which requires him to support another's child results in involuntary servitude, constitutes a "taking," violates his right to due process and equal protection, and constitutes cruel and unusual punishment. Finally, appellant argues that the trial court's decision results in unjust enrichment to appellee and John Shoup.

No brief was filed in response by appellee. The central issue raised by appellant's first assignment of error is whether the trial court erred in denying appellant's motion to vacate the August 9, 1988 judgment.

Civ.R. 60(B) provides in pertinent part:

"Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

A reviewing court will not disturb the trial court's decision on a motion to vacate judgment pursuant to Civ.R. 60(B) absent a demonstration that the trial court abused its discretion in making its decision. *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, 1123; *In re Smith* (1984), 16 Ohio App.3d 75, 16 OBR 79, 474 N.E.2d 632; *State, ex rel. Gyurcsik, v. Angelotta* (1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284.

Pursuant to Civ.R. 60(B), a motion to vacate that is based upon allegations of fraud or newly discovered evidence must be filed not more than one year after the judgment was entered. In this case, appellant's motion to vacate was filed approximately fifteen months after the judgment entry of divorce. This court finds, therefore, that the trial court did not abuse its discretion in denying appellant's motion as to his Civ.R. 60(B)(1), (2) and (3) allegations.

The only other basis under which appellant could be entitled to relief from judgment would be if there were other reasons justifying such relief pursuant to Civ.R. 60(B)(5). As set forth above, appellant asserts that he is entitled to

relief from judgment based upon the recent decision of the Supreme Court of Ohio in *Hulett v. Hulett, supra,* arguing that prior to that decision there was no right to paternity testing in a divorce action and, therefore, he never litigated the paternity issue because it was clear that based upon the law he could not prevail on the issue.

The issue in *Hulett* concerned the admissibility in a pending divorce action of the results from genetic testing, including the HLA test authorized by R.C. 3111.09 and 3111.10 for paternity actions, to overcome the presumption of paternity conferred upon a husband of a child's natural mother pursuant to R.C. 3111.03(A)(1). *Id.,* 45 Ohio St.3d at 290, 544 N.E.2d at 259. The *Hulett* court held that:

"Pursuant to R.C. 3111.03(A)(1), a man is presumed to be the natural father of a child where the man and the child's mother are or have been married to each other and the child is born during the marriage. However, such presumption may be rebutted by clear and convincing evidence to the contrary. (*Johnson v. Adams* [1985], 18 Ohio St.3d 48, 18 OBR 83, 479 N.E.2d 866, approved and followed.)

" * * *

"Clear and convincing evidence sufficient to overcome the presumption of paternity contained in R.C. 3111.03(A)(1) may be adduced through any or all of the enumerated methods prescribed by R.C. 3111.10, including the submission of genetic test results." *Id.* at paragraphs one and three of the syllabus.

Upon review of the *Hulett* decision, the applicable statutory provisions and previous case law as it applies to the issue of paternity within the context of divorce proceedings, this court finds that appellant's assertion that prior to the *Hulett* decision he had no right to raise, in his divorce proceedings, the issue of Donald's paternity by means of genetic testing is clearly without merit. See, generally, *Gatt v. Gedeon* (1984), 20 Ohio App.3d 285, 20 OBR 376, 485 N.E.2d 1059; *Gilbraith v. Hixson* (1987), 32 Ohio St.3d 127, 512 N.E.2d 956; see, also, R.C. 3115.24; R.C. 3111.06(A). This court finds further that appellant's assertion that the trial court's denial of his motion to vacate violated his constitutional rights to be equally without merit.

Based upon all of the foregoing, we find that the trial court did not abuse its discretion in denying appellant's motion to vacate the judgment of August 9, 1988. Accordingly, appellant's first assignment of error is not well taken.

In his second assignment of error, appellant asserts that the trial court erred in failing to appoint a guardian *ad litem* for Donald. Appellant argues that Donald may have a claim against Shoup for support and a claim against

his mother for denial of a father-child relationship and intentional infliction of emotional distress and, therefore, the court should have appointed a guardian *ad litem* to represent Donald's interests.

Given the trial court's decision to deny appellant's motion to vacate the judgment and the court's affirmance thereof which precludes appellant from relitigating the issue of Donald's paternity in the divorce action, we find that the trial court did not err in failing to appoint a guardian *ad litem* for Donald. Accordingly, appellant's second assignment of error is not well taken.

On consideration whereof, this court finds substantial justice has been done the party complaining, and the judgment of the Fulton County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.

*Judgment affirmed.*

GLASSER and MELVIN L. RESNICK, JJ., concur.