ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
Appellant Joseph P. Dailey appeals the order of the trial court denying his Civ.R. 60(B) motion.
Dailey assigns the following error for our review:
 THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING PLAINTIFF RELIEF FROM JUDGMENT WHEN THIS COURT'S SUBSEQUENT RULING RENDERED THE JUDGMENT'S PROSPECTIVE RELIEF INCAPABLE OF PERFORMANCE.
Having reviewed the record and the legal arguments of the parties, we affirm the trial court's decision. The apposite facts follow.
The procedural history of this case is important because it explains why Dailey is now asking us to reverse the lower court's decision that denied his Civ.R. 60(B) motion to vacate a summary judgment rendered in his favor by the lower court. Originally, the trial court awarded him summary judgment on his complaint against his developer who he sued for fraud in failing to reveal certain latent defects in his condominium's garage. In the summary judgment, the trial court granted Dailey money damages against the developer, which the trial judge could do; however, the trial judge also granted Dailey a discharge of Envoy Condominium Unit Owners Association's lien, which the trial court could not do.
In the interim, Envoy condominium Unit Owners Association (Envoy), having assessed Dailey his charge of monies it needed to repair the condominium's garage, eventually filed a foreclosure action against Dailey for the balance due on the assessment as well as maintenance fees. It is important to note that the trial court granted Dailey's motion for summary judgment against the developer after Envoy filed its foreclosure action. None of the parties moved to consolidate Envoy's foreclosure action with Dailey's fraud action.
Before a different trial judge Envoy, on September 4, 1997, moved for summary judgment against Dailey in its foreclosure action. Dailey defended by arguing that a prior trial court in a different action had discharged Envoy's lien in July 1996. The trial court, unimpressed by Dailey's argument, granted Envoy's summary judgment. Dailey appealed, and on July 29, 1999, this court issued an opinion holding that the trial court that issued the discharge of Envoy's lien acted without jurisdiction because Envoy was not a party to that action. Thus, the subsequent trial court acted properly in granting Envoy's summary judgment. Additionally, this court held collateral estoppel inapplicable in that case because Envoy, not a party to the action, was not bound by its judgment. See Envoy Cond. Unit Owners Assoc. v. Dailey (July 29, 1999), Cuyahoga App. No. 76123, unreported.
Some three to four months later, October 15, 1999, Dailey filed his Civ.R. 60(B) motion for relief from the original summary judgment in his favor, which is the subject of this appeal. In his motion, he argued the relief granted in the summary judgment no longer satisfied him because of this court's decision in Envoy v. Dailey; wherein we held the trial court had no jurisdiction to discharge Envoy's liens. Dailey specifically claimed relief under Civ.R. 60(B)(4), and (5), but developed an argument only under provision (4). He argued he has a meritorious claim because he could not have foreseen this court's decision in Envoy v. Dailey. The trial court hearing the Civ.R. 60(B) motion denied that motion on October 26, 1999, and this appeal followed.
Dailey's sole assigned error is the trial court abused its discretion when it denied him relief from the prior judgment. In substance, he argues the lien discharge was a part of the favorable relief sought by Dailey in his suit against the developer; consequently, because that relief is no longer available, he should be allowed to reopen the case and obtain the necessary relief from the developer. We disagree.
Our standard of review is guided by the premise that the granting of a Civ.R. 60(B) motion rests in the sound discretion of the trial court. See Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9,371 N.E.2d 214; Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,316 N.E.2d 469, Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 520 N.E.2d 564. Consequently, the trial court's granting of a Civ.R. 60(B) motion will not be disturbed by this court unless we conclude the trial court has abused its discretion. Id.An abuse of discretion exists when the trial court's granting of a Civ.R. 60(B) motion is arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140. The Supreme Court of Ohio has held that, to constitute a reversible abuse of discretion, the trial court's ruling must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1,3.
The granting of a Civ.R. 60(B) motion is unreasonable when either of the following has not been satisfied and the trial court has ignored that fact: (1) a meritorious defense; (2) a ground under any one of Civ.R. 60(B)(1) through (5); and (3) timeliness. GTE Automatic Electric, Inc. v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,453 N.E.2d 648.
The first prong of GTErequires the movant to show that he has a meritorious claim to present in the event that his Civ.R. 60(B) motion is granted. Dailey argues he has a meritorious Civ.R. 60(B)(4) claim but fails to establish what bases he has for reopening his original lawsuit against the developer. The developer has satisfied the judgment rendered by the trial court by paying the $1,674.96.
GTE requires the movant to show a claim or defense in the underlying action as well as establishing that the movant is entitled to Civ.R. 60(B) relief under one of the stated five categories. A movant may very well have relief under one of the stated Civ.R. 60(B) provisions but fails to show that he has a meritorious claim in the underlying lawsuit. A movant's failure to show a meritorious claim is fatal to his Civ.R. 60(B) motion.
Here, Dailey has a meritorious claim against the developer for fraud. We know this because the original trial court awarded Dailey summary judgment and the developer did not appeal that ruling. The developer satisfied that part of the judgment rendered against it; consequently, the developer should then have the right to rely on the finality of that judgment.
Historically, the law in Ohio has been that a court may vacate or correct an erroneous entry of satisfaction after the term at which it was rendered. Colvin v. Abbey's Restaurant, Inc. (1999),131 Ohio App.3d 439, 722 N.E.2d 630, Kipp v. Bowman (1935), 20 Ohio Law Abs. 698. However, a court may not vacate a satisfied judgment unless it does so pursuant to Civ.R. 60(B) under one of the enumerated categories.
Dailey claims relief under Civ.R. 60(B)(4). Under Civ.R. 60(B), the court may grant a party relief from judgment for the following reasons: (4) * * * it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from judgment. The Supreme Court of Ohio has stated that Civ.R. 60(B)(4) should be construed to provide relief from a judgment which has clearly become inequitable due to subsequent circumstances. Wurzelbacher v. Kroger (1974), 40 Ohio St.2d 90,92, 320 N.E.2d 666, 668. However, [t]he * * * it is no longer equitable * * * clause of Civ.R. 60(B)(4) was designed to provide relief to those who have been prospectively subjected to circumstances which they had no opportunity to foresee or control. Knapp v. Knapp (1986), 24 Ohio St.3d 141, 146, 493 N.E.2d 1353,1357.
Dailey argues he could not have foreseen that the original trial court's discharge of Envoy's lien was invalid. Envoy was not a party to Dailey's fraud case. When Envoy first assessed Dailey, he could have joined it as a party. When Envoy sued him for the debt in foreclosure, he could have consolidated the cases. To now claim inability to anticipate the lack of a jurisdictional issue when the lien holder is not a party to the action where relief is sought against the lien holder, is beyond this court's comprehension. The rule is to obtain relief against a party, that party must be named in the action or made a party thereto. See State, ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,553 N.E.2d 650; State, ex rel. Tod v. Fairfield Cty Ct of Common Pleas (1864), 15 Ohio St. 377.
Besides, in the original action, nothing prevented Dailey from recovering the full amount of his damages from the developer. At one point in the proceedings, he prayed for the full amount but for some unexplained reason, reduced the prayer from $4,947.87 to $1,674.96.
In this case, we are not concerned with whether the trial court had subject matter jurisdiction to discharge the lien but whether it had jurisdiction over Envoy. Consequently, we believe that Civ.R. 60(B) is the proper avenue for a claim as this one; however, the movant has not shown that he is entitled to relief under Civ.R. 60(B)(1) through (5).
Additionally, Dailey did ask for relief under Civ.R. 60(B)(5) but did not develop any grounds to show why this category should apply to his facts. Recently, in Cerney v. Norfolk W.Ry.Co. (1995), 104 Ohio App.3d 482, 491, 662 N.E.2d 827, 833, this Court made the following observation:
 Civ.R. 60(B)(5) is a catchall provision that is not to be used as a substitute for Civ.R.
 60(B)(1), (2) or (3), when it is too late to seek relief under those provisions. It is to be used only in extraordinary and unusual cases when the interests of justice warrant it. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 105 68 O.O.2d 251, 255, 316 N.E.2d 469, 476. Civ.R. 60(B)(5) reflects the inherent power of a court to relieve a person from the unjust operation of a judgment. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64, 5 OBR 120, 448 N.E.2d 1365, paragraph one of the syllabus. The court in State ex rel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345, 4 O.O.3d 482, 364 N.E.2d 284, quoted Justice Black in Klapprott v. United States (1949), 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266, recognizing that the other reason clause made available all equitable grounds for relief from a final judgment: `In simple English, the language of the `other reason' clause, for all reasons except the five particularly specified, vests power in the courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.' Id. at 346, 4 O.O.3d at 483, 364 N.E.2d at 285.
Matters of an extraordinary nature fall within the purview of Civ.R. 60(B)(5). See Caruso-Ciresi. This means that if the motion should have been brought under one of the more specific provisions of Civ.R. 60(B), this provision does not apply unless the movant can show operative facts different from and/or in addition to those contemplated by one of the more specific provisions. Whitt v. Bennett (1992), 82 Ohio App.3d 792, 613 N.E.2d 667. For example, here Dailey argues Civ.R. 60(B)(4) is applicable. We have found that he cannot obtain relief under that provision. In fact, his facts look more like the provisions under Civ.R. 60(B)(1). However, Dailey has not shown operative facts different from and/or in addition to those contemplated under Civ.R. 60(B)(1). Consequently, we conclude Civ.R. 60(B)(5) is inapplicable. Accordingly, Dailey's failure to show all of the prongs of GTE is fatal to his Civ.R. 60(B) motion. In light of the above discussion, we conclude it unnecessary to address whether the October 15, 1999 filing of his motion was timely.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ____________________________________ PATRICIA ANN BLACKMON, JUDGE
TIMOTHY E. McMONAGLE, P.J., and JAMES D. SWEENEY, J., CONCUR.