FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee,

v.

HULL; Key Funding, Appellants.

[Cite as *Fed. Natl. Mtge. Assn. v. Hull,* 161 Ohio App.3d 438, 2005-Ohio-2490.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–04–035.

Decided May 20, 2005.

**440**

[redacted]

Dennis Reimer and Jeffrey T. Kalniz, for appellant.

SINGER, Presiding Judge.

{¶ 1} This is an accelerated appeal from an order of the Huron County Court of Common Pleas, denying a litigant's motion to vacate a default judgment.

{¶ 2} In 2004, the Federal National Mortgage Association ("FNMA") initiated a foreclosure action against Timmy and Sonja Hull on property in Bellevue, Ohio. Among the defendants named who may have or claim an interest in the property was appellant, Key Funding.

{¶ 3} The summons and complaint in the matter were served on appellant by certified mail on April 1, 2004. When, on July 19, 2004, neither the Hulls nor appellant had answered or otherwise responded to the complaint, FNMA moved for and was granted a default judgment against them.

{¶ 4} On July 28, 2004, appellant moved for leave to file an answer, stating that "due to inadvertence, the summons and complaint herein were misdirected and/or misplaced by defendant, Key Funding, and therefore not forwarded to counsel until recently." On August 27, 2004, appellant filed a motion to vacate the default judgment, pursuant to Civ.R. 60(B)(1). The motion reiterates appellant's assertion that the summons and complaint were "misdirected" and asserts that it has a meritorious defense to present, namely a mortgage interest in the property as "attached hereto as exhibit 'B' ". The record contains no exhibit associated with this motion.

{¶ 5} The trial court set a nonoral hearing on the motion. Prior to the hearing, FNMA responded to appellant's motion, favoring vacation of the default judgment. On September 17, 2004, the trial court denied appellant's Civ.R. 60(B) motion. The court stated:

{¶ 6} "[Appellant] has made no showing justifying relief on the ground of mistake or inadvertence. There is no evidence before the Court from which the Court could draw such a conclusion. Counsel's statement that the summons and

complaint were 'misdirected' is not evidence and, even if such statement were set forth in an affidavit of [an appellant] employee, it would be insufficient by itself to warrant relief from judgment. Neglect is conduct that 'falls substantially below what is reasonable under the circumstances.' To determine whether neglect is excusable or is the result of inadvertence or mistake, the Court must have before it the circumstances from which to draw those conclusions. Because [appellant] failed to offer any evidence to the Court in support of its motions, it is not entitled to have the default judgment against it vacated and it is not entitled to leave to file its answer *instanter.*" (Citations omitted.)

{¶ 7} From this order, appellant now brings this appeal. Appellant insists that without opposition to its motion by an opposing party, the trial court erred in denying the relief requested.

{¶ 8} "To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus. If any of these elements are not met, the motion should be denied. *Svoboda v. Brunswick* (1983), 6 Ohio St.3d 348, 351, 6 OBR 403, 453 N.E.2d 648.

{¶ 9} The decision as to whether relief should be granted rests in the sound discretion of the court, *Griffey v. Rajan* (1987), 33 Ohio St.3d 75, 77, 514 N.E.2d 1122, and will not be reversed on appeal absent an abuse of that discretion. An abuse of discretion implicates an attitude by the court that is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.

{¶ 10} Even though appellant omitted exhibit B from his motion, there is ample other evidence of its claim in the record. This is sufficient to satisfy the first prong of the *GTE* test. See *Moore v. Emmanuel Family Training Ctr.* (1985), 18 Ohio St.3d 64, 67, 479 N.E.2d 879. Since appellant's Civ.R. 60(B)(1) motion was filed only a few weeks after the default judgment was entered, the third *GTE* prong also appears to be met.

{¶ 11} At issue is whether appellant properly demonstrated to the court that its failure to timely answer the complaint was because of "mistake, inadvertence, surprise or excusable neglect," pursuant to Civ.R. 60(B)(1). Appellant's position seems to be that because no party opposes the motion and, indeed, FNMA expressly supported the motion, its unsupported assertion that the delay

was the result of "mistake or inadvertence" should be sufficient. The trial court clearly did not share this opinion, demanding evidence of the circumstances precipitating appellant's failure to answer.

{¶ 12} Civ.R. 60(B) is a remedial rule and should be liberally construed. In so doing, the court should balance the sometimes conflicting principles that litigation should be timely concluded and effect a just result. *Colley v. Bazell* (1980), 64 Ohio St.2d 243, 248, 18 O.O.3d 442, 416 N.E.2d 605. The decision as to whether a party's ground for relief was the result of an excusable mistake, inadvertence, surprise or neglect "must of necessity take into consideration all the surrounding facts and circumstances." Id. at 249, 18 O.O.3d 442, 416 N.E.2d 605.

{¶ 13} As to the measure of evidence sufficient to demonstrate the surrounding facts and circumstances, this case is similar to *Rose Chevrolet, Inc. v. Adams* (1988), 36 Ohio St.3d 17, 520 N.E.2d 564. In *Rose*, the auto dealer sued Adams on a debt. When Adams failed to timely answer the complaint, Rose sought and obtained default judgment.

{¶ 14} The day following the entry of the default, Adams moved for relief from judgment based on "inadvertence and excusable neglect." Id. at 18, 520 N.E.2d 564. No evidence by affidavit or otherwise was submitted to support the motion. There was a hearing on the motion, following which the trial court denied relief, concluding that any inadvertence or neglect was inexcusable.

{¶ 15} On appeal, the transcript of the motion hearing was not included in the record. Consequently, the court of appeals, relying wholly on Adams's motion and memorandum in support, concluded that, given the lack of evidentiary materials to support an allegation of excusable neglect, the trial court acted within its discretion in denying the motion.

{¶ 16} The Supreme Court of Ohio affirmed, stating:

{¶ 17} "[O]ur review of the trial court's judgment is restricted to appellant's memorandum in support of the motion. This memorandum recited that the motion is 'based upon inadvertence and excusable neglect' and that '[c]ounsel for defendant had previously prepared an answer* * *.' No explanation is provided for this assertion, and no facts are set forth to bolster appellant's position. In short, the trial judge is given no basis whatsoever to make a factual determination on the question of whether the neglect is excusable or inexcusable, or whether the failure to file an answer was inadvertent. It is true that neither Civ. R. 60(B) itself nor any decision from this court has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases. But the least that can be required of the movant is to enlighten the court as to why relief should be

granted. The burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality. A mere allegation that the movant's failure to file a timely answer was due to 'excusable neglect and inadvertence,' without any elucidation, cannot be expected to warrant relief." Id., 36 Ohio St.3d at 20–21, 520 N.E.2d 564.

{¶ 18} The *Rose* language quoted seems less than definitive. The submission of evidence is "advisable in most cases." In some circumstances, the submission of evidence may be omitted. We take this to mean that when the attorney submitting the memorandum also asserts his or her own responsibility for the mistake or neglect at issue, the memorandum operates as an affidavit substitute.

{¶ 19} In the present matter, the motion blames neglect on appellant's office procedures, even though it offers no explanation of what occurred. The trial court concluded that the summary assertion of neglect or inadvertence, without explanation—even if submitted in affidavit form from someone competent to testify—was insufficient for the movant to meet its burden. However, we must note the narrow circumstances in this case. Appellee FNMA in its response to Key Funding's motion to vacate stated that it had no objection to vacation of the default judgment to "assert its mortgage lien in this action, which interest is junior in priority to Plaintiff's interest in the property." FNMA further submitted a proposed amended judgment entry vacating the default judgment and protecting *appellant's* interest in the property.[1] Here, the trial court ignored the obvious wishes of the parties, which, to them, was to effect a just result. In our opinion, under these narrow circumstances, the trial court's denial of appellant's motion for relief from judgment was unreasonable and therefore an abuse of discretion. Accordingly, appellant's sole assignment of error is found well taken.

{¶ 20} On consideration whereof, the judgment of the Huron County Court of Common Pleas is reversed. This matter is remanded to that court for further proceedings consistent with this decision.

Judgment reversed
and cause remanded.

ARLENE SINGER, P.J., and MARK L. PIETRYKOWSKI, J., concur.

DENNIS M. PARISH, J., dissents.

PARISH, Judge.

{¶ 21} I respectfully dissent. The Supreme Court of Ohio has stated that a trial court's decision should be found unreasonable only "if there is *no sound*

---

1. We note that appellee did not file a brief in the instant appeal.

*reasoning process* that would support that decision." (Emphasis added.) *AAAA Ent., Inc. v. River Place Community Urban Redevelopment Corp.* (1990), 50 Ohio St.3d 157, 161, 553 N.E.2d 597. Further, "[a]n appellate court is not permitted to find an abuse of discretion merely because it would have arrived at a different result if it had reviewed the matter *de novo.*" *Swearingen v. Waste Tech. Indus.* (1999), 134 Ohio App.3d 702, 714, 731 N.E.2d 1229, citing *AAAA Ent., Inc.*, supra.

{¶ 22} In this case, the only evidence of inadvertence or excusable neglect before the trial court was appellant's own admission that it did not forward the complaint to its attorney in a timely manner. As stated by the majority, the record shows that the trial court took those circumstances into account and found the explanation lacking. Despite the adverse impact on appellant, I cannot say that the trial court engaged in unsound reasoning before denying appellant's motion to vacate. Accordingly, I would find no abuse of discretion and affirm the trial court's judgment.