OPINION
{¶ 1} Fredebaugh Well Drilling, Inc., ("appellant") appeals the judgment of the Ashtabula County Court of Common Pleas vacating a prior summary judgment it entered against Brower Contracting, Inc., William M. Brower III, and Robyn L. Brower ("appellees").
 {¶ 2} On July 3, 2000, appellant filed suit against appellees. The complaint asserted, inter alia, that appellees William and Robyn Brower were liable for a debt which they allegedly guaranteed personally on behalf of Brower Contracting, Inc. On September 8, 2000, appellees answered the complaint denying the allegations in their entirety.
 {¶ 3} On February 7, 2001, appellant filed its motion for summary judgment. On March 2, 2001, the trial court issued notice to the parties that it would conduct a non-oral hearing on appellant's motion on April 9, 2001. Appellees failed to respond to the motion and, on April 9, 2001, the trial court granted appellant's motion for summary judgment. In their brief appellees note that their attorney missed the filing deadline "by mere hours."
 {¶ 4} On April 10, 2001, allegedly without knowledge of the trial court's ruling, appellees moved the court for an extension of time to file their motion in opposition to appellant's motion for summary judgment. As a basis for the request, appellees' attorney cited his heavy hearing and trial schedule. Notwithstanding the existing order awarding summary judgment in appellant's favor, the trial court granted appellees' motion for extension of time on April 13, 2001.[1] Thereafter, on April 30, 2001, appellees filed their motion in opposition asserting that appellant's claims were without merit as the alleged "personal guaranty" under which appellant sought recovery was merely a corporate account agreement executed in appellees' capacities as corporate officers.[2]
 {¶ 5} The record remained silent for over three years; according to appellees, appellant sought to execute the April 9, 2001 summary judgment order sometime in "mid-2004." After contacting appellant's counsel, appellees' new counsel sought clarification of the status of the case. On August 13, 2004, the trial court filed its judgment entry formally vacating the April 9, 2001 summary judgment order. In its August 13, 2004 entry, the court expressed its intent to consider and rule upon appellant's February 7, 2001 motion for summary judgment in light of appellees' motion in opposition filed on April 30, 2001. Appellant now appeals the court's August 13, 2004 vacation of its original summary judgment order.
 {¶ 6} In its sole assignment of error, appellant asserts: "the trial court committed reversible error and abused its discretion when it sua sponte vacated an existing final judgment without providing notice to or an opportunity to be heard by the judgment creditor."
 {¶ 7} Appellant contends the trial court erred when it vacated its April 9, 2001 judgment entry because it did not have the power to do so on its own initiative. Civ.R. 60(A) permits a court to resolve clerical mistakes in a judgment entry sua sponte; appellant notes, however, Civ.R. 60(A) is inapplicable to the current matter because the court made a substantive legal change to the record when it vacated its prior award of summary judgment. Moreover, appellant recognizes that a court may grant a party relief from a prior judgment pursuant to Civ.R. 60(B). However, such relief may be granted to the extent the party seeking relief moves the court and demonstrates a meritorious defense, that he or she is entitled to relief under the rule, and the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, Inc.,
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Here, appellant properly notes that appellees did not formally move the court for relief from the April 9, 2001 judgment.
 {¶ 8} Appellant is correct that a court can only vacate a final judgment on its "own initiative" for clerical errors in judgments, orders, or other parts of the record and "errors therein arising from oversight or omission." Civ.R. 60(A). Such mistakes refer to "`mistake[s] or omission[s], mechanical in nature and apparent on the record which does not involve a legal decision or judgment.'" State ex rel. Litty v.Leskovyansky (1996), 77 Ohio St.3d 97, 100, citing Londrico v. DeloresC. Knowlton, Inc. (1993), 88 Ohio App.3d 282, 285. Clearly, the current matter falls outside this definition.
 {¶ 9} That said, Civ.R. 60(B) states, in relevant part:
 {¶ 10} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *, misrepresentation, or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, * * * (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time * * *."
 {¶ 11} The prescribed procedure requires the party to file a motion pursuant to the rule. Here, the record is bereft of any formal Civ. R. 60(B) motion for relief from judgment. In this respect, the court had no vehicle upon which it might base its decision to vacate its April 9, 2001 order. However, while appellees did not technically move the court pursuant to Civ. R. 60(B), they did file their motion to extend time to file their motion in opposition to summary judgment on April 10, 2001. Appellant failed to respond to this motion or otherwise address the court regarding the existing judgment filed on April 9, 2001. Appellant further failed to act to protect its judgment after the court filed its April 13, 2001 judgment entry granting appellees' extension of time to file their motion in opposition. This motion and appellees subsequent motion in opposition demonstrate the court did not act sua sponte in rendering its August 13, 2004 judgment entry.
 {¶ 12} While the court did not make its ruling sua sponte, the fact remains appellees did not properly move the court pursuant to Civ.R. 60(B). Strict application of the civil rules would preclude a Civ.R. 60(B) analysis. However, we bear in mind that unchecked obsequiousness to an abstract rule can produce inaccurate and unjust results, the very banes Civ.R. 60(B) seeks to avoid. See, Moore v. Emmanuel Family TrainingCenter, Inc. (1985), 18 Ohio St.3d 64, 67, n1., (identifying the purpose of Civ.R. 60(B) as "affording relief in the interest of justice."); see, also, Strack v. Pelton (1994), 70 Ohio St.3d 172, 175 (noting "[a] claim under Civ.R. 60(B) requires the court to carefully consider the two conflicting principles of finality and perfection."). The spirit of Civ.R. 60(B) is remedial; accordingly, inquiries surrounding its application should be liberally construed in interest of achieving a just result. See State ex rel. Citizens for Responsible Taxation v. SciotoCty. Bd. of Elections (1993), 67 Ohio St.3d 134, 136. Hence, while we will not countenance blatant disregard for proper procedure, we must consider the nature and context of the court's action.
 {¶ 13} Here, appellant was awarded summary judgment after appellees failed to file a motion in opposition by the date set for hearing. The next day, appellees moved the court for an extension of time to file their motion which was granted. Specifically, the court determined appellees set forth "good cause" to warrant an extension of time. On April 30, 2001, appellees filed their motion in opposition to appellant's motion for summary judgment. While not a technical Civ.R. 60(B) motion, appellees set forth a compelling argument that they were not individually liable on the debt for which appellant sought and received summary judgment. On August 13, 2004, the court vacated its April 9, 2001 summary judgment order.
 {¶ 14} In our view, the court did not err in vacating its April 9, 2001 order. We acknowledge appellees filed no formal Civ.R. 60(B) motion; however, a trial court may, in its discretion, construe an improperly captioned post-judgment motion as though it were a proper vehicle if it otherwise satisfies the necessary requirements of the vehicle.[3] Upon careful consideration of the record and arguments, we believe appellees functionally met the requirements of Civ.R. 60(B) through their motion in opposition to appellant's motion for summary judgment.
 {¶ 15} Specifically, appellees presented a meritorious defense to appellant's claims within twenty-one days of the April 9, 2001 judgment. Moreover, we believe the argument set forth in appellees' motion in opposition are sufficiently compelling to fall into the so-called "catch all" provision of Civ.R. 60(B)(5). Civ.R. 60(B)(5) "reflects the inherent power of a court to relieve a person from the unjust operation of a judgment." Staff Notes to Rule 60(B)(5). Moreover, Civ.R. 60(B)(5) "`vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" State exrel. Gyurcsik v. Angelotta (1977), 50 Ohio St.2d 345, 346, quotingKlapprott v. United States (1949), 335 U.S. 601, 614-615. Here, appellees set forth a colorable defense to appellant's contentions and, in doing so, generated material issues of fact that were inapposite for summary judgment. Accordingly, the court's actions were proper and served the general policy favoring deciding a case on its merits. See Doddridge v.Fitzpatrick (1978), 53 Ohio St.2d 9, 13, (Civ.R. 60(B) relief from default judgment proper); Angelotta, supra, (same); GTE AutomaticElectric, Inc., supra, (same).
 {¶ 16} That said, we recognize the fundamental tension between the venerable goals of accuracy and finality in the civil justice system. On one hand, Civ.R. 60(B) encourages resolution of disputes on their merits. However, we are also cognizant that relief should not be granted simply because a party capriciously moves the court.
 {¶ 17} "It is a general guide, which the trial court uses as a frame of reference in deciding whether the three requirements have been met. * * * In particular, the principle does not obviate the requirement that the movant must demonstrate that he is entitled to relief under one of the grounds stated in Civ. [R.] 60(B)(1) through (5)." GTE AutomaticElectric, Inc., supra, at 151.
 {¶ 18} Although courts should have a fidelity to resolving cases upon their merits, Civ.R. 60(B) cannot "serve as an emasculation of the pleading rules and time limits." Griffey v. Rajan (1987), 33 Ohio St.3d 75,79. Under the circumstances, permitting appellees an opportunity to file their motion after the April 9, 2001 summary judgment order was entered was unorthodox and anomalous; however, we do not believe the circumstances surrounding this matter encourage a rogue approach to pleading rules and time limits. To be sure, our holding today is confined to these unique facts; however, as our foregoing discussion suggests, a court can never treat Civ.R. 60(B) rulings in a vacuum.
 {¶ 19} The decision to grant relief from judgment under Civ.R. 60(B) is within the trial court's sound discretion. Kadish, Hinkel WeibelCo., L.P.A. v. Rendina (1998), 128 Ohio App.3d 349, 352. In our view, the trial court did not abuse its discretion in vacating its prior judgment order. Appellant's sole assignment of error is without merit.
 {¶ 20} For the reasons set forth above, the judgment of the Ashtabula County Court of Common Pleas is hereby affirmed.
Ford, P.J., O'Toole, J., concur.
[1] On April 13, 2001, Fredebaugh caused a judgment lien to be filed in Ashtabula County under the case number 01 JD 343. However, the question of whether the judgment lien was or has been properly extinguished is not expressly before us.
[2] Appellant notes in its brief that Brower Contracting filed for bankruptcy in December of 2001 and, in doing so, listed appellant as a creditor; however, appellant maintains it did not receive any payments from the Brower Contracting bankruptcy.
[3] See, e.g. Ray v. Dickinson, 7th Dist. No. 03-BE-29, 2004-Ohio-3632, ¶ 23 (trial court has discretion to treat motion for reconsideration as a Civ.R 60(B) motion); Pete's Auto Sales v. Conner (Aug. 24, 2000), 8th Dist. No. 77014, 2000 Ohio App. LEXIS 3838, at 9 (trial courts have some discretion to treat a motion for reconsideration as a motion to vacate under Civ.R. 60(B)); The Bluffs of Wildwood Homeowners' Ass'n, Inc. v.Dinkel (1994), 96 Ohio App.3d 278, 281 (motion to "set aside summary judgment" construed as Civ. R. 60(B) motion); Bowling Green Transfer,Inc. v. Cist (Jan. 10, 1975), 6th Dist. No. 1130, 1975 Ohio App. LEXIS 6509, at 2 (defendant's motion for leave to file answer instanter after default judgment treated as a motion to vacate);