{¶ 27} Appellee Catherine Chapman argues that the domestic relations court erred when it expressly found that Appellant Thomas Chapman's Civ.R. 60(B)(1) motion alleging "mistake" as grounds to vacate the court's prior civil protection order was timely filed. Having found that Thomas Chapman has presented no basis to reverse, and absent a cross-appeal by Catherine Chapman, we are not required to decide Catherine Chapman's timeliness claim. However, in view of the significance of the timeliness issue, and the domestic relations court's resolution of that issue, I believe that we should address the question to clarify the law involved and to avoid endorsing the error which the court committed.
 {¶ 28} "Mistake, inadvertence, surprise or excusable neglect" are grounds for relief under Civ.R. 60(B)(1). The rule expressly provides that a motion alleging any of those grounds "shall be made . . . not more than one year after the judgment, order or proceeding was entered or taken." The one year limitation is absolute. Covington v. P.I.E. Mutual Ins. Co., 149 Ohio App.3d 406, 2002-Ohio-4732; Austin v. Payne (1995),107 Ohio App.3d 818; Weber v. Weber (1991), 74 Ohio App.3d 396.
 {¶ 29} The domestic relations court entered its civil protection order on November 19, 2002. Thomas filed a Civ.R. 60(B) motion to vacate that order on August 27, 2004, more than one year later. The domestic relations court expressly declined to find the motion was untimely filed with respect to Thomas's contention of mistake, relying on the holding of the Eighth District Court of Appeals in Wells v. Spirit Fabricating, Ltd.
(1996), 113 Ohio App.3d 282. (Entry and Order, p. 2)
 {¶ 30} In Wells, a Civ.R. 60(B) motion alleging several grounds for relief, including mistake, was filed more than one year after the judgment the motion sought to vacate had been entered, following resolution of an appeal from the judgment that consumed almost a full year. In rejecting a timeliness challenge, the Eighth District held:
 {¶ 31} "Under Ohio law, the pendency of an appeal prevents the trial court from entertaining a Civ.R. 60(B) motion; it necessarily follows that an appeal tolls the one-year time limitation until the appeal is decided. The one-year time limitation did not restart until the journalization of our original decision on September 18, 1995. Since Spirit filed the motion for relief with the trial court on September 19, 1995, we find that the motion was timely filed and does not prevent a review of the merits." Id., at 290.
 {¶ 32} By its terms, Civ.R. 60(B) can apply only to orders and judgments that are final, which are likewise subject to appellate review. R.C. 2505.02(B). Once an appellate court's jurisdiction is invoked by a notice of appeal, a trial court cannot act to deprive the appellate court of its jurisdiction to review a trial court's final order. State ex rel. SpecialProsecutors v. Judges (1978), 55 Ohio St. 2d 94. Therefore, pendency of an appeal prevents a trial court from ruling on a Civ.R. 60(B) motion. Howard v. Catholic Social Services ofCuyahoga County, Inc., 70 Ohio St.3d 141, 1994-Ohio-219. However, pendency of an appeal has no effect on when the one-year period for filing a Civ.R. 60(B)(1) motion commences to run. In that connection, the Supreme Court has held that, with respect to Civ.R. 60(B)(1), "the one year provided therein begins to run, not from the date of the last appeal, but from the date on which the `judgment, order or proceeding was entered or taken.'"Cotterman v. Cleveland Elective Illuminating Co. 1987), 34 Ohio St.3f 48, 49. In other words, the discrete event that triggers the time for filing a Civ.R. 60(B) motion is the trial court's act of journalizing an order or judgment which is final, not an appellate court's subsequent resolution of any error assigned in an appeal that was taken from that final judgment or order.
 {¶ 33} The holding in Wells on which the domestic relations court relied in the present case is contrary to the Supreme Court's pronouncement nine years earlier in Cotterman.
Therefore, Wells was incorrectly decided, and the domestic relations court erred when it followed and applied Wells,
finding that Thomas's motion was timely filed with respect to his Civ.R. 60(B)(1) claim of mistake. I would reject Thomas Chapman's Civ.R. 60(B)(1) claim of mistake as untimely. I would reject his Civ.R. 60(B)(4) and (5) claims for the reasons stated by Judge Donovan.