[Cite as *Rusch v. Catawba Landing Marina*, 2021-Ohio-1904.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY


Arnold Rusch

    Appellee

v.

Catawba Landing Marina

    Appellant

Court of Appeals No. OT-20-027

Trial Court No. CVF 1900733


**DECISION AND JUDGMENT**

Decided: June 4, 2021

* * * * *

Brian T. Winchester, for appellant.

* * * * *

**DUHART, J.**

{¶ 1} In this case appellant, Catawba Landing Marina, appeals the October 5, 2020 judgment of the Ottawa County Municipal Court vacating its dismissal of the claims of appellee, Arnold Rusch.  For the reasons that follow, we affirm.

{¶ 2} Appellant sets forth two assignments of error:

1.

I. The trial court erred as a matter of law when it granted Plaintiff-Appellee Arnold Rusch an evidentiary hearing on his Motion to Vacate because Plaintiff-Appellee failed to allege operative facts, supported by evidence, demonstrating he was entitled to relief pursuant to Ohio Rule of Civil Procedure 60(B).

II. The trial court erred as a matter of law when it granted Plaintiff-Appellee Arnold Rusch's Motion to Vacate because Plaintiff-Appellee failed to set forth operative facts, supported by relevant evidentiary material, that he was entitled to relief pursuant to Ohio Rule of Civil Procedure 60(B).

**Background**

{¶ 3} On November 25, 2019, Rusch filed a pro se complaint in the Ottawa County Municipal Court against "Catawba Landing Marina (Mike Callahan)" seeking $6,000 for various issues and damages relating to Rusch's boat. The complaint included Rusch's affidavit, in which he averred to the truth of the allegations and statements in the complaint. The case was assigned for a small claims hearing.

{¶ 4} On December 23, 2019, Catawba Landing Marina ("Marina") filed a motion to transfer the matter from the small claims court docket to the regular docket. This motion was granted on December 24, 2019. On January 16, 2020, Marina filed an answer to the complaint. On January 17, 2020, a pretrial was scheduled for April 9, 2020. On January 28, 2020, Marina filed a motion to continue; the motion was granted the same day.

2.

{¶ 5} On May 11, 2020, a telephone pretrial was held.  On May 12, 2020, a bench trial was scheduled for August 18, 2020.  That same day, Marina filed a request for the transcript "of the proceedings in the above captioned action which occurred on or about November 4, 2019."[1]  The motion was granted.

{¶ 6} On August 5, 2020, Rusch sent an email to "clerk@ottawacountymunicipal court.com" which was addressed to the Honorable Judge Wargo ("the Judge").  Rusch indicated he was "filing [a] motion to have my small claims case hearing date extended." The email was regarded as a motion for continuance and granted that day.  On August 14, 2020, the case was reassigned for a bench trial on September 8, 2020.

{¶ 7} On August 28, 2020, Rusch sent an email to "clerk@ottawacountymunicipal court.com" which was addressed to the Judge.  Rusch indicated he needed to amend the name of the defendant, because he was in the process of finding new representation and he needed "longer than the 21 days you allowed from the original scheduled date of 8/18 to the new date 9/8."  The email was again regarded as a motion, but was denied that same day.

{¶ 8} On August 31, 2020, Rusch sent an email to "clerk@ottawacountymunicipal court.com," which was addressed to the Judge.  In the email Rusch stated, "I need to advise the court that because of being exposed to the Coronavirus I need to self[-] quarantine for 14 days, and be tested.  Please forward a new court date."  This email was apparently misfiled and the court was initially unaware of it.

---

[1] There was a previous lawsuit between the parties.

3.

**{¶ 9}** On September 8, 2020, Marina filed its trial brief, witness list and exhibit list. In the trial brief, Marina set forth, inter alia, "a previous suit regarding the Boat was filed by Catawba against Arnold Rusch in this Court on or about July 18, 2018, Case No. CVF 1900408. * * * That suit was voluntarily dismissed on or about November 14, 2019."

**{¶ 10}** On September 9, 2020, the court issued a judgment entry which provided:

After notice being issued, this matter was called for Trial on September 8, 2020. Plaintiff failed to appear. Defendant appeared with counsel. Case dismissed with prejudice pursuant to Civ. R. 41(B). Costs assessed against Plaintiff. This is a final appealable Order. Clerk shall issue Notice.

**{¶ 11}** Also on September 9, 2020, Rusch sent an email to "clerk@ottawacounty municipalcourt.com," which included his August 31, 2020 email. On September 11, 2020, the case was assigned for a hearing on October 5, 2020, on Rusch's September 9, 2020 filing, which the court considered a motion to vacate the dismissal entry.

**{¶ 12}** On September 29, 2020, Marina filed its reply arguing, inter alia, that Rusch's "motion" should be denied without an evidentiary hearing.

**{¶ 13}** On October 5, 2020, a hearing was held. The court mentioned "after the September 8th hearing and after the signing of the entry dismissing the case, it came to the Court's attention [that] Mr. Rusch had * * * filed and sent in an e-mail, a fax, I guess, and in that had indicated that he had been exposed to Coronavirus and was in a self[-]quarantine for 14 days." The court observed "that fax did not * * * reach the Court file until after the September 8th hearing, and I don't think anybody knew about it. * * * I

4.

was not aware of it until after the fact." The court commented that "I think what happened was the request actually got somehow attached to another file." The court noted "Mr. Rusch had communicated with the Court after the September 8th [hearing] and indicated this and that has really been treated by the Court as a Rule * * * 60(b) motion to vacate the previously entered dismissal entry."

{¶ 14} After listening to arguments, the court, in granting Rusch relief, ruled "there's a requirement of basically some evidence to be supportive of the 60(b) request. I think what is in the Court file and the Court is able to [take] judicial notice of satisfies that requirement." The court further stated "I realize his [Rusch's] request wasn't styled as such and didn't have the required affidavits and so (inaudible) but the Court can certainly take judicial notice of its file * * *. And, all in all, certainly the Court would have on August 31st, having seen that fax come in, would have granted a continuance." The court acknowledged "locally we're in a situation, statewide, nationally (inaudible) with this Covid 19 pandemic * * *. Any other year might have been a different story, but with Covid we are * * * taking extra precautions * * * to safeguard everybody that comes into or has any contact with the municipal court."[2]

{¶ 15} Marina timely appealed.

### First and Second Assignments of Error

{¶ 16} Marina argues none of Rusch's "ex parte email correspondences to the Municipal Court - his 'motion,' * * * contain any evidence setting forth 'operative facts' that demonstrate entitlement to relief * * *. [Rusch] has woefully failed to satisfy his

---

[2] These quoted passages are from the transcript of the audio file of the hearing.

5.

burden on the * * * prongs of the *GTE* test." Marina asserts none of Rusch's "'filings' with the Municipal Court * * * contain a shred of evidence to suggest he has a meritorious claim to present." Marina also contends Rusch has not demonstrated he is entitled to any of the grounds for relief under Civ.R. 60(B), and regarding Civ.R. 60(B)(5), no extraordinary circumstances exist and "the record does not show the Municipal Court granted Rusch relief under this 'catch-all' provision." Marina maintains the trial court abused its discretion by holding a hearing "on [Rusch's] Civ.R. 60(B) 'motion,'" and granting Rusch relief under Civ.R. 60(B).

### Standard

{¶ 17} We review a trial court's ruling on a Civ.R. 60(B) motion for an abuse of discretion. *Griffey v. Rajan*, 33 Ohio St.3d 75, 77, 514 N.E.2d 1122 (1987). An abuse of discretion means the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

### Law

### Civ.R. 60(B)

{¶ 18} Civ.R. 60(B) provides:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence * * *; (3) fraud * * *; (4) the judgment has been satisfied, released or discharged * * *; or (5) any other reason justifying relief from the judgment.

{¶ 19} To prevail on a motion under Civ.R. 60(B), the moving party must demonstrate: "(1) the party has a meritorious * * * claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time * * *." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 150-151, 351 N.E.2d 113 (1976). Under Civ.R. 60(B), the moving party's "burden is only to allege a meritorious claim, not to prevail on the merits of the claims." *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67, 479 N.E.2d 879 (1985). "These requirements are independent and in the conjunctive; thus the test is not fulfilled if any one of the requirements is not met." *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994).

{¶ 20} "[N]either Civ. R. 60(B) itself nor any decision from [Supreme Court of Ohio] has required the movant to submit evidence, in the form of affidavits or otherwise, in support of the motion, although such evidence is certainly advisable in most cases." *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20-21, 520 N.E.2d 564 (1988). However, "[t]he burden is upon the movant to demonstrate that the interests of justice demand the setting aside of a judgment normally accorded finality." *Id.* at 21. *See also Fed. Natl. Mtge. Assn. v. Hull*, 161 Ohio App.3d 438, 2005-Ohio-2490, 830 N.E.2d 1203, ¶ 17 (6th Dist.). Still, Civ.R. 60(B) is a remedial rule to be liberally construed so the ends of justice may be served. *Colley v. Bazell*, 64 Ohio St.2d 243, 248, 416 N.E.2d 605 (1980).

{¶ 21} The last ground for relief, set forth in Civ.R. 60(B)(5), is the catch-all provision and "[i]t is generally held that court errors and omissions are reasons justifying relief under the 'other reason' clause." *State ex rel. Gyurcsik v. Angelotta*, 50 Ohio St.2d 345, 347, 364 N.E.2d 284 (1977). "'[T]he language of the 'other reason' clause * * * vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice.'" *Id.* at 346, quoting *Klapprott v. United States*, 335 U.S. 601, 615, 69 S.Ct. 384, 93 L.Ed. 266 (1949). *See also Sommerville v. Erie Cty. Commrs.*, 6th Dist. Erie No. E-87-60, 1988 WL 76707, *2 (July 22, 1988).

{¶ 22} "If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil Rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion." *Coulson v. Coulson*, 5 Ohio St.3d 12, 16, 448 N.E.2d 809 (1983), quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105, 316 N.E.2d 469 (8th Dist.1974).

### Pro Se Litigants

{¶ 23} A pro se litigant must follow the same rules and procedures as attorneys, but a court may afford a pro se litigant reasonable leeway in the construction of pleadings in order to reach the merits of the case. *State v. Rickard*, 6th Dist. Lucas No. L-16-1043, 2016-Ohio-4755, ¶ 3.

### Judicial Notice

{¶ 24} A trial court may take judicial notice of its own docket. *Indus. Risk Insurers v. Lorenz Equip. Co.*, 69 Ohio St.3d 576, 580, 635 N.E.2d 14 (1994). *See also* Evid.R. 201.

8.

**Analysis**

{¶ 25} A review of the record shows Rusch's municipal court case was scheduled for trial on September 8, 2020. The case was called for trial, but Rusch did not appear for trial, so the court dismissed the case with prejudice. However, in a September 9, 2020 email, Rusch directed the court's attention to his August 31, 2020 email in which he advised the court that he was exposed to the Coronavirus and needed to quarantine for 14 days, and he requested a new trial date. Thereafter, the court recognized that Rusch's August 31, 2020 email or fax had been misfiled such that the court was unaware of its existence at the time of trial and, therefore, had not ruled on the request for a new trial date. The court acknowledged that had it been aware of the filing, it would have continued the trial, as a precautionary measure to safeguard everybody at the court during the pandemic.

{¶ 26} We note that throughout the history of Rusch's case, the court routinely accepted Rusch's pro se email or fax filings, recognized them as motions, and ruled on them. This practice of allowing noncompliant motions is not in conformity with the rules of civil procedure, yet the court permitted it. As such, and in accordance with its practice, the court treated Rusch's September 9, 2020 filing as a Civ.R. 60(B) motion. The court held a hearing on Rusch's motion to vacate the dismissal entry, and granted it.

{¶ 27} We find, under these circumstances, the trial court achieved a just result and did not abuse its discretion in awarding Rusch relief from judgment under Civ.R. 60(B). We further find the court did not abuse its discretion in holding an evidentiary hearing on the motion. We find the record demonstrates that all three of the *GTE*

9.

requirements were satisfied: Rusch alleged facts which, if true, would constitute meritorious claims; he established he was entitled to relief under Civ.R. 60(B)(5); and his motion was made within a reasonable time. The court took judicial notice of the case file to satisfy the requirement that there were some facts supporting the Civ.R. 60(B) request. We find information in the record, including the complaint with Rusch's affidavit, as well as relevant law, specifically *Gyurcsik* and *Fed. Natl. Mtge. Assn. v. Hull*, *supra*, support this finding. Accordingly, Marina's first and second assignments of error are not well-taken.

{¶ 28} The October 5, 2020 judgment of the Ottawa County Municipal Court is affirmed. Costs of this appeal are waived.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Christine E. Mayle, J.           _____
                                                 JUDGE

Gene A. Zmuda, P.J.

Myron C. Duhart, J.           _____
CONCUR.                                                 JUDGE

                                             _____
                                                 JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.